### JAROSH v. EASTON ET AL.

1. **Fraud:** CONFESSION OF JUDGMENT: EVIDENCE. Evidence considered and held not sufficient to support the conclusion of the court below, that the signature to a certain *cognovit* was procured by fraud.

1. **Cognovit:** JUDGMENT: SURETY. A certain *cognovit*, set out in full in the opinion, construed not to authorize a judgment against a party who signed the same as surety.

*Appeal from Winneshiek Circuit Court.*

MONDAY, DECEMBER 19.

ACTION in chancery to enjoin the sale of plaintiff's property upon an execution issued on a judgment by confession against him and others. There was a decree granting the relief prayed for. Defendants appeal.

*Willett & Willett,* for appellants.

*L. Bullis,* for appellee.

BECK. J.— I. A judgment by confession was rendered in the Circuit Court in favor of James H. Easton, and against John Kavorek and Jean Suchan, as principals, and the defendant Jarosh, as surety, upon a *cognovit* which is in the following language:

"JAMES H. EASTON,      *Confession of judgment, in*
      v.               *Circuit Court, Winneshiek*
JOHN KAVOREK,       *county, Iowa.*
JEAN SUCHAN, *Def'ts.*

" We, John Kavorek and Jean Suchan of—— township, in the county of Winnesheik, and State of Iowa, defendants above named, do hereby confess that we are jointly and severally justly indebted to James H. Easton of Decorah, Iowa, plaint. iff above named, in the sum of one hundred and forty (and $15 attorney's fees as provided for in said note) dollars, with

Jarosh v. Easton.

interest at ten per cent per annum, from the 22d day of February, 1878, and we do hereby authorize the clerk of the Circuit Court of said county and State to enter a judgment in said court in favor of said plaintiff, and against us and each of us as defendants, * for the sum of one hundred and forty ($15 attorney's fee and $3.50 costs) dollars, with interest at ten per cent per annum, from the 22d day of February, A. D. 1878, and costs. It is stipulated and agreed that the interest on said judgment shall be paid semi-annually, so long as the said judgment remains unpaid, and if default be made in the payment of said interest, or any part thereof, at the time the same becomes due, then at any time thereafter on application of the plaintiff to the clerk therefor, execution shall immediately issue for the whole amount of said judgment, principal, interest and costs.

"This confession of judgment is for a debt justly owing and now due to said plaintiff, and the following is a c ncise and true statement of the facts, out of which the said debt arose, to-wit: On the 22d day of February, 1878, at our request, James H. Easton, the plaintiff herein, loaned us the sum of one hundred and forty dollars, for which we did on that day execute to sa d plaintiff a promissory note for the whole amount, payable November 15th, 1878. and interest at ten per cent per annum, payable quarterly. Said note is now unpaid and this judgment is confessed to secure payment of said note and interest, $15 attorney's fee and $3.50 costs, and we further state that the said sum, above confessed, is justly owing and now due to said plaintiff from us, and each of us, without any fraud or illegal consideration whatever. And it is further understood that execution is not to issue on this judgment until the 1st day of November, A. D. 1879, provided that default be not

---

* I, Albert Jarosh, do hereby bind myself as surety for the faithful performance and payment of the within judgment, and for that reason I sign my name and acknowledge myself surety on this confession of judgment.

made in the payment of interest when due, as above provided.

" Dated, Spillville, Iowa, December 26, 1878.

JOHN KAVOREK,

·JEAN SUCHAN,

Surety, ALBERT JAROSH, <i>Defendant</i>.

" STATE OF IOWA,
Winneshiek Co. } ss.

John Kavorek, and Jean Suchan, and Albert Jarosh, being first duly sworn, depose and say, each for himself, that he is the person named in, and who made and subscribed to the foregoing confession of judgment; that they have read the same and know the contents thereof, and that the same and statements therein contained are true.

JOHN KAVOREK,

JEAN SUCHAN,

ALBERT JAROSH.

" Subscribed in my presence and sworn to before me by Albert Jarosh, and John Kavorek, and Jean Suchan this 26th day of December, A. D. 1878.

O KALPER, <i>Notary Public.</i>"

Upon the judgment rendered on this *cognovit* an execution was issued and levied upon defendant's property. The defendant in his petition asks that the sheriff's sale of the property be restrained, and that the judgment by proper decree be canceled and declared void, for the reason that it was not authorized by the *cognovit*; that the *cognovit* itself was executed by him through mistake, and that he was induced to sign it by the false and fraudulent representations of the agent of the plaintiff Easton. The answer denies the allegations of the petition and avers that the *cognovit* was executed in the settlement of a suit brought, or about to be brought, by Easton against Kavorek and Suchan, and to obtain an extension of time upon the claim against them. The decree of the Circuit Court cancels and sets aside the judgment as against plaintiff,

on the ground that his signature to the *cognovit* was obtained by fraud.

II. We think the evidence does not support the conclusion reached by the Circuit Court, that the *cognovit* was procured by fraud. It clearly appears that the instrument was signed by plaintiff in the absence of any representations made or inducements held out by Easton or any one acting for him. It may be true that plaintiff signed the paper under the mistaken belief that he was bound for the claim as a surety of the principal debtor. But Easton neither by himself, nor through an agent, had anything to do in creating such a belief in the minds of plaintiff. He was not led into the mistake by Easton. It appears that being a Bohemian he did not speak or understand the English language, and that communication was held with him through an interpreter. This interpreter was not the agent of Easton, and made no representations to him under the direction or with the knowledge of Easton. If this interpreter made any incorrect statements in regard to the business, Easton is not responsible for them.

1. FRAUD: confession of judgment: evidence.

III. We think, however, that the decree of the court below is right, for the reason that the *cognovit* does not authorize judgment to be entered against plaintiff, who signs it as surety, for the payment of the judgment to be rendered against Kavorek and Suchan. The instrument authorizes judgment against the principals only. There is not one word of authority for entry of judgment against plaintiff. It clearly appears to our minds that the plaintiff is only bound by the *cognovit* as a surety for the payment of the judgment. A careful reading of the instrument is all that is required to support our conclusion. Upon this ground the judgment of the Circuit Court will be affirmed. It will be understood that our decision does not preclude Easton from pursuing a remedy against plaintiff for the payment of the judgment.

2. COGNOVIT: judgment: surety.

MODIFIED AND AFFIRMED.