# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

(No. 12412.—Decree affirmed.)

WILLIAM E. KEEN, Appellee, *vs.* ALEXANDER P. BUMP, Appellant.

*Opinion filed December 18, 1918.*

1. BILLS AND NOTES—*a power to confess judgment must be strictly pursued.* A power to confess judgment must be clearly given and strictly pursued, and a departure from the authority conferred will render the confession void.

2. SAME—*joint warrant of attorney to confess judgment does not authorize a several judgment.* A joint warrant of attorney to confess judgment, executed by a partnership and the individual partners, does not authorize a confession of judgment by the individual partners, alone, notwithstanding the note itself may be joint and several.

3. SAME—*when a confession of judgment is unauthorized.* A warrant of attorney to confess judgment in favor of the payee of the note, the Farmers National Bank of Allendale, does not authorize a confession of judgment in favor of the Farmers and Merchants National Bank of Allendale.

4. JUDICIAL SALES—*when a sheriff's deed is invalid.* Where a warrant of attorney to confess judgment is not followed in attempting to take judgment by confession, the memorandum by the clerk on the court record does not follow the confession as to

the parties, and the execution issued on the alleged judgment does not show any service, levy or sale or how or by what means it was satisfied, a sheriff's deed issued on failure to redeem from the sale under such execution is invalid.

APPEAL from the Circuit Court of Wabash county; the Hon. JULIUS C. KERN, Judge, presiding.

P. J. KOLB, and M. J. WHITE, for appellant.

E. B. GREEN, and THEODORE G. RISLEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, William E. Keen, filed his bill in the circuit court of Wabash county against the appellant, Alexander P. Bump, praying the court to set aside a sheriff's deed alleged to be invalid and to permit him to redeem from the sale under which the deed was made. The bill was answered with a denial of the invalidity of the deed, and the chancellor, upon a hearing of the issue, entered a decree declaring the deed to be of no effect as a conveyance, setting the same aside and granting to appellee leave to redeem by paying to appellant the amount due on the indebtedness for which the sale was made. This appeal was taken from that decree.

On February 25, 1914, W. E. Keen & Son, a partnership, and W. E. Keen and E. C. Keen, made their promissory note for $2500, payable four months after date to the Farmers National Bank of Allendale, with a warrant of attorney to confess judgment for the amount due on the note with ten per cent attorneys' fees. A payment of $1000 was made on June 9, 1914. On November 25, 1914, during the November term of the circuit court, a declaration in assumpsit was filed by the Farmers and Merchants National Bank of Allendale against the makers of the note. The name of the plaintiff was not the same as the name of the payee of the note, and with the declaration was

filed an entry of appearance by W. E. Keen and E. C. Keen, two of the joint makers of the warrant of attorney, and not including the partnership, and a confession of judgment against W. E. Keen and E. C. Keen for the amount due on the note and $150 attorneys' fees, amounting to $1658.75. On the court record the clerk entered a notation which only showed the names of the parties in the title and did not show process or appearance of the defendants and which contained none of the essential elements of a judgment. On March 16, 1915, $500 was paid to the Farmers National Bank of Allendale. What was written on the record was no more than a memorandum, but on August 10, 1915, an execution was issued against the partnership, which had not confessed or attempted to confess any judgment. The execution was for $1165.84 damages and $5 costs. The execution was returned by order of the plaintiff without service or levy, and on January 24, 1916, an alias execution was issued against the partnership for the same amount of damages. No service of the execution nor any levy by virtue of it was indorsed thereon, but the sheriff pasted on the back a clipping from a newspaper of his notice for a sale on March 18, 1916, of a great number of lots in two different additions to the town of Keensburg. The lots named in the advertisement were contained in a tract of thirty-seven acres and were sold *en masse* by the sheriff, who delivered to Charles Shultz a certificate of purchase describing the lots. There was a mortgage of $3000 on the real estate sold, held by Shultz, the purchaser at the sale, and the sale was of the fee simple title. Shultz also had a mortgage for $1000 made after the alleged judgment, and he assigned these mortgages and the certificate of purchase to appellant, Alexander P. Bump. The premises not having been redeemed, the sheriff on June 19, 1917, executed a sheriff's deed for all the lots to appellant. The appellee remained in possession of the property and rented it in the spring of 1917 for a share of the

crop. When the crop was ready for harvesting appellant directed the tenant to haul the landlord's share to the elevator of Shultz & Bump, which was done, and the market price was $808.73, which the chancellor allowed as a credit toward the redemption.

The power to confess a judgment must be clearly given and strictly pursued and a departure from the authority conferred will render the confession void. (*Chase* v. *Dana*, 44 Ill. 262; *Tucker* v. *Gill*, 61 id. 236; *Frye* v. *Jones*, 78 id. 627; *Whitney* v. *Bohlen*, 157 id. 571.) The warrant of attorney was joint, being executed by the partnership and the individuals, W. E. Keen and E. C. Keen, and the purported confession was by W. E. Keen and E. C. Keen alone. A warrant of attorney which is joint does not authorize a several judgment but must be executed by joint confession against all the signers of the note, and the fact that the note is joint and several does not affect the question. (*Mayer* v. *Pick*, 192 Ill. 561.) The warrant was to confess judgment in favor of the payee of the note, the Farmers National Bank of Allendale, and the confession was in favor of the Farmers and Merchants National Bank of Allendale, which was unauthorized. If the memorandum of the clerk could be called a judgment the parties only appeared in the title, and the plaintiff was the Farmers and Merchants National Bank of Allendale and the defendant the partnership, against which no judgment was confessed. The warrant of attorney was not executed in accordance with its terms, the memorandum of the clerk did not follow the confession, the execution did not show any service, levy or sale nor how or by what means it was satisfied, but the return was merely "satisfied in full." The deed was invalid and the chancellor did not err in so finding. The appellee sought equitable relief by having the deed set aside and offered to do what equity required of him, and the amount found by the chancellor satisfied the requirement. The decree is affirmed.

*Decree affirmed.*