(No. 21460.—

THE FARMERS EXCHANGE BANK OF ELVASTON, Plaintiff in Error, *vs.* MARIE SOLLARS, Defendant in Error.

*Opinion filed June 22, 1933—Rehearing denied October 4, 1933.*

STONE, FARTHING and SHAW, JJ., dissenting.

JOHN W. WILLIAMS, and O'HARRA, O'HARRA & ROETH, for plaintiff in error.

CLYDE P. JOHNSON, and MACK & MACK, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

Judgment by confession was entered in the circuit court of Hancock county, Illinois, in vacation, during the June term, 1930, in favor of plaintiff in error, the Farmers Exchange Bank of Elvaston, and against defendant in error, Marie Sollars, the sole defendant, on two notes, one for $3000 and the other for $600, signed by Marie Sollars and her husband, J. E. Sollars. The declaration set forth that Sollars had died prior to the institution of the suit. The instruments embodying the two notes are identical, except for the dates and amounts. The instrument embodying the $3000 note is as follows:

"$3000 ELVASTON, ILL., *Dec. 5, 1929.*

"Six months after date, we, or either of us, for value received promise to pay to the order of the Farmers Exchange Bank three thousand dollars, with interest thereon from date until paid, at the rate of seven per cent per annum, payable annually at the Farmer's Exchange Bank of Elvaston, Illinois.

"And if not paid when due and placed in the hands of an attorney for collection the further sum of ten per cent upon the amount due as attorney's fees, the same to be included in any judgment rendered hereon. The makers and all endorsers hereof severally waive presentment for payment, notice of non-payment, protest and notice of protest of this note, and to secure the payment of said amount authority is hereby irrevocably given to any attorney of any court of record to appear for the undersigned in any court of record, in term time or vacation, at any time hereafter, either before or after the maturity of this note, and waive the issuance and service of process and confess judgment against the undersigned in favor of the holder of this note for the amount of the above note and all costs, including said ten per cent of the amount due as attorney's fees, and to file a *cognovit* for the amount and an agreement waiving and releasing all errors which may intervene in any such proceeding, and with an agreement that no writ of error or appeal shall be prosecuted upon such judgment nor shall any bill in equity be filed to intervene in any manner therewith, and also to consent to the immediate issuance of an exception upon said judgment, all that said attorney may do by virtue hereof being hereby ratified. J. E. SOLLARS, (Seal)

P. O. ............... MARIE SOLLARS. (Seal)

No. 8677 due June 3."

Following the entry of the judgment, execution was issued and served on defendant in error and returned *nulla bona,* and garnishment proceedings were then instituted and writs issued and served upon various garnishees. On October 20, 1930, a special appearance was filed and motion made in the circuit court on behalf of defendant in error to vacate the judgment for want of jurisdiction. The motion was based on the fact that the warrants or powers of attorney to confess judgment were joint and not joint and several, and that therefore the court had no power or jurisdiction to enter judgment by confession against only one of the signers. The court allowed the motion and vacated the judgment. On appeal this action of the trial court was

affirmed by the Appellate Court for the Third District. The case is here on a writ of *certiorari* issued by this court.

In *Mayer* v. *Pick,* 192 Ill. 561, we held that a warrant or power of attorney to confess judgment on a note does not authorize confession of a judgment against only one of the signers if the warrant is joint and not joint and several. This decision was followed and the same rule applied in *Keen* v. *Bump,* 286 Ill. 11, decided in 1918.

Plaintiff in error contends that the promise to pay and the warrant to confess judgment here involved are in terms joint and several, and that therefore the two decisions above referred to have no application and the judgment was properly confessed against only one of the signers.

Although it was held in *Mayer* v. *Pick* and *Keen* v. *Bump, supra,* that the mere fact the promissory note portion of an instrument is joint and several would not affect the character of the warrant or power of attorney if the latter were, in fact, joint, it does not necessarily follow that the provisions of the note may not be considered in determining whether the warrant is, in fact, joint or joint and several. Where, as here, the undertakings of the signers are all contained in a single instrument, it is proper to consider all of its provisions in construing any portion of it. The promissory note features of the instruments in this case are by their terms joint and several. The second paragraph of the instruments contains the warrant of attorney and provides that "the *makers* and all endorsers hereof *severally* waive presentment for payment, notice of non-payment, protest and notice of protest of this note," etc. Without interruption, and in the same sentence, the instruments continue by providing that "authority is hereby irrevocably given to any attorney of any court of record to appear for the *undersigned*" and to confess judgment against the *"undersigned."* In Webster's New International Dictionary (1927) the words "the undersigned" are defined to mean: "the person whose name is signed or the

persons whose names are signed at the end of the document; the subscriber or subscribers." The word "undersigned," as used in the instruments in question, may be interpreted as referring to the acts of the two parties severally as well as jointly, and in view of the other language of the instruments definitely indicating the intention and purpose of the signers to act and be bound severally as well as jointly, we think a fair construction of the instruments leads to the conclusion that the warrants or powers of attorney were intended to be joint and several. In this respect the instruments differ materially from the one involved in *Mayer* v. *Pick, supra.* In that case, although the promise to pay was expressly made "jointly and severally," the warrant or power of attorney used only the plurals "we" and "us," words which are in terms clearly joint, only, and not in terms joint and several.

The circuit and Appellate Courts therefore erred in holding that the warrants of attorney in the notes sued on were joint and not several as well as joint.

For the error indicated the judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court of Hancock county, with directions to dismiss the motion to vacate the judgment heretofore obtained by the Farmers Exchange Bank of Elvaston.

*Reversed and remanded, with directions.*

Mr. JUSTICE STONE, dissenting:

I cannot concur in the majority opinion. While it may be conceded that the undertakings of the signers of the instrument involved here are to be found within the four corners of that instrument, yet under the rules of law applicable they are not one and the same undertaking. Within that instrument is the promissory note, made by its language joint and several. There is also the provision waiving presentment, notice, protest and the like, which is likewise by its language made a joint and several undertaking. The

warrant of attorney, while appearing in the same paragraph without punctuation, is another and separate agreement, and the fact that the note and waiver of protest are joint and several does not require that the warrant of attorney be so construed. (*Keen* v. *Bump,* 286 Ill. 11; *Gee* v. *Lane,* 15 East. 592; *Manufacturers' and Mechanics' Bank* v. *St. John,* 5 Hill, 497.) Nor does the fact that the waiver of presentment, notice and protest appear in the same paragraph with the warrant of attorney indicate that the warrant is joint and several because such waiver is so. Since the decision of *Osborn* v. *Farwell,* 87 Ill. 89, the rule consistently adhered to has been, and is, that in the construction of instruments, punctuation, while it may shed light on the meaning of the parties, is never allowed to change or overturn the plain meaning of the words used. Notwithstanding lack of punctuation in the instrument before us, the warrant of attorney is a separate provision and relates to a matter not the same as the promise to pay nor as the waiver of protest and the like. *Keen* v. *Bump, supra; Mayer* v. *Pick,* 192 Ill. 561; *Whitney* v. *Bohlen,* 157 id. 571; *Gee* v. *Lane, supra; Hunt* v. *Chamberlin,* 8 N. J. L. 336; *Kahn* v. *Lesser,* 97 Wis. 271.

The majority opinion holds, however, that from the word "undersigned" and the use of the word "severally," in the instrument, it appears that it was the intention of the signers that the warrant of attorney should be several as well as joint. It is said that *Mayer* v. *Pick, supra,* is to be distinguished. I am unable to see the claimed distinction, or to follow the argument on which it is based, that the word "undersigned" less definitely indicates but a joint agreement than the words "we" and "us" appearing in *Mayer* v. *Pick, supra.* Whether that term means one or more must depend upon whether there was one, or more than one, signer. "Undersigned" cannot be said to refer to one or both if there be but one signer. Quite as clearly, it seems to me, it cannot, where two have signed, mean

but one signer any more than it can mean more than one when but one has signed. It appears indisputable that it must be construed, whenever used, to refer to whoever signed, whether one or many. If more than one the warrant is issued to act for all. Surely the word "undersigned," in its use here, is as clearly joint, only, as the word "we" or "us," and *Mayer* v. *Pick* is not distinguishable. The language of the instrument creating the power to confess judgment is to "confess judgment against the undersigned." The majority opinion holds that this may mean J. E. or Marie Sollars severally as well as both jointly. Treating the word "undersigned" as a word of description, it describes not J. E. Sollars or Marie Sollars but both J. E. and Marie Sollars. It surely cannot be construed to describe both, or but one when both have signed. As was said in *Hunt* v. *Chamberlin, supra,* where the language of the power to confess judgment was against "us," "they were willing to stand together in judgment and meet an execution by their joint means and exertions, but it gives no authority for placing one of them in judgment by himself." It was also there said: "A warrant of attorney by two persons may, like an obligation, be drawn joint or joint and several, and it will never do to confound together those which in their nature are so distinct." Marie Sollars was an undersigned—that is, one of the undersigned—but she was not "the undersigned," because there were two, and that designation must relate to both. It cannot be even argued that it relates to Marie Sollars alone in this case without importing, from the provisions of the instrument relating to notice, presentment, protest and the like, the word "severally." *Keen* v. *Bump, supra,* states the general rule to be, that "power to confess a judgment must be clearly given and strictly pursued, and a departure from the authority conferred will render the confession void." This rule is generally adopted and applied in the construction of a power of attorney to confess judgment. *Mayer*

v. *Pick, supra; Whitney* v. *Bohlen, supra; Frye* v. *Jones,* 78 Ill. 627; *Tucker* v. *Gill,* 61 id. 236; *Chase* v. *Dana,* 44 id. 262; *Roundy* v. *Hunt,* 24 id. 598; *Craighead* v. *Peterson,* 72 N. Y. 279; *Kahn* v. *Lesser, supra.*

Though it were to be conceded that the word "undersigned" in an instrument signed by two may be construed to mean both or one, it must likewise be conceded that it may, therefore, be construed to mean both as readily as to mean one. Since the case of *Tucker* v. *Gill, supra,* the rule in this State has been, and now is, that where from the language used it is doubtful whether the makers intended to confer the power to confess judgment jointly and severally the doubt must be resolved against the power. (*Frye* v. *Jones, supra; Whitney* v. *Bohlen, supra; Keen* v. *Bump, supra.*) To say that the warrant to confess judgment is to be construed from language used in the provision concerning waiver of notice, presentment, and the like, is to describe such warrant by language used to describe an entirely different thing and includes different persons. This neither reasoning nor the authorities permit.

It may be further observed that it is a principle of universal acceptation that an obligation by or a right given to two or more persons is a joint obligation or right, and there should be distinct words of severance to produce a several responsibility or right. *Morrison* v. *American Surety Co.* 224 Pa. 41; *Alpaugh* v. *Wood,* 53 N. J. L. 638; *Stage* v. *Olds,* 12 Ohio, 158; *Turley* v. *Thomas,* 31 Nev. 181; *Brady* v. *Reynolds,* 13 Cal. 51; *Elliott* v. *Bell,* 37 W. Va. 834.

From the language used in this instrument, as well as the settled rules of law applicable, it seems clear to me that this warrant of attorney is joint and not joint and several. The judgment of the circuit court should be affirmed.

FARTHING and SHAW, JJ., concur in this dissenting opinion.