Minnie Sharpe, Defendant in Error, v. Second Baptist Church of Maywood et al., Plaintiffs in Error.

Gen. No. 36,912.

Heard in the third division of this court for the first district at the October term, 1933. Opinion filed March 14, 1934.

Sumner C. Palmer, for plaintiffs in error.

No appearance for defendant in error.

Mr. Justice Wilson delivered the opinion of the court.

The plaintiff, Minnie Sharpe, confessed judgments on certain judgment notes for $4,271.87, against the defendants, Second Baptist Church of Maywood, Thomas Wharton, G. A. Harrison, Scott Walke, R. Graham, Lee Martin, Daniel W. McLawnn, R. H.

Howard, M. D. and James Cutright. A motion was made by the defendants to vacate the judgments and an affidavit in support filed, wherein it was charged that the notes were not signed by the individuals, but that the notes were those of the Second Baptist Church alone. The court, however, denied the motion to vacate and from this order defendants pray an appeal to this court.

The notes appear to be secured by a trust deed or mortgage, but contain the provision that the holder may resort to proceedings at law to collect, or prosecute proceedings in equity, or both. In the body of the notes it appears that they are executed by the Second Baptist Church of Maywood and are signed,

SECOND BAPTIST CHURCH OF MAYWOOD,

BY: Thomas Wharton,
G. A. Harrison,
Scott Walke,
R. Graham,
Lee Martin,
Daniel W. McLawnn,
R. H. Howard, M. D., and
James H. Cartright,

ITS TRUSTEES.

The payment of the notes is guaranteed by the defendants individually. There appears, however, to have been a number of extensions and several payments made from time to time. The notes themselves, however, are the notes of the Second Baptist Church of Maywood. This may be gathered from the fact that the name of the church alone appears in the body of the instrument and the signature appears to be that of the church by the other defendants, its trustees. Almost the identical situation appears in the case of *New Market Sav. Bank v. Gillet,* 100 Ill. 254. In that case the note was signed by the name of the religious society, by its trustees, and the name of the society

appeared in the body of the instrument. The court in its opinion says:

"It is said that the use of the word 'we' in the note, in its connection, to-wit: 'we, the trustees,' etc., leaves it doubtful on the face of the instrument who is bound. But how can this be? 'We' is immediately followed by 'the trustees of the First Free Will Baptist Society of Chicago,' and that is the corporate name of a corporation. How can this pronoun denote any one else than the corporation whose corporate name immediately follows it? No one else is named in the body of the note nor in the signature to it, as the only name subscribed is the corporate name of the corporation, the individual names of the trustees being used only in connection with their official style, and their use in such connection being in the required mode of making a corporation signature, as laid down in *Lombard v. Chicago Sinai Congregation.*

. . . . . .

"It would seem therefrom that this note was executed officially, not individually,—that the signature thereto is that of the corporate name of the corporation, and none other,—that the individual names of the trustees there, in the connection they appear, were not signed as individual acts, but in the performance of a corporate act, in order to the execution of the note in proper form as a note of the corporation, and that hence the note is that of the corporation, made by it under its corporate name, and not the note of the individual trustees."

It is apparent that the notes were the notes of the church and that the individuals executed the notes and signed as trustees for the church. Under such circumstances it was error to have confessed judgment as against the individuals. The power to confess a judgment must be clearly given and strictly pursued. *Keen v. Bump,* 286 Ill. 11. The fact that the individuals

guaranteed the loan which was secured by the notes and trust agreement did not make them subject to a judgment by confession. Rights may have accrued to them by reason of the extension for the time of payment which they would have the right to assert at a hearing. The judgment being a joint judgment must be clear and unequivocal and the right to a confession of judgment will not be extended to those not clearly indicated. While the maker of a judgment note will be held, guarantors and sureties cannot be included within the judgment obtained by confession. *Jarosh v. Easton*, 57 Iowa 569. The Supreme Court of Iowa in that opinion said:

"III. We think, however, that the decree of the court below is right, for the reason that the cognovit does not authorize judgment to be entered against plaintiff, who signs it as surety, for the payment of the judgment to be rendered against Kavorek and Suchan. The instrument authorizes judgment against the principals only. There is not one word of authority for entry of judgment against plaintiff. It clearly appears to our minds that the plaintiff is only bound by the cognovit as a surety for the payment of the judgment. A careful reading of the instrument is all that is required to support our conclusion. Upon this ground the judgment of the Circuit Court will be affirmed. It will be understood that our decision does not preclude Easton from pursuing a remedy against plaintiff for the payment of the judgment." To the same effect see *Brandt v. Spiegelmire*, 24 Pa. Dist. Rep. 131, wherein the court in its opinion said:

"Our cases invariably hold that a confession of judgment must be in the clear and unequivocal language, and so definite as not to be properly capable of any other construction. So, too, the contract of suretyship is favorably regarded by the law and is construed strictly in favor of the surety. His liability will not

be increased by mere construction. In view of these general principles of construction we are brought to the conclusion that there was no power in the prothonotary of Perry County to enter judgment against the six sureties.''

Holding as we do that the note was the note of the Second Baptist Church of Maywood and not of the individuals who signed as trustees, the trial court erred in entering judgment by confession against all of these defendants. The judgment being a joint judgment it must be reversed as to all. Nothing in this opinion, however, is to prevent the trial court from entering judgment by confession against the Second Baptist Church of Maywood, the maker of the note, nor by reason of anything expressed in this opinion is the plaintiff precluded from proceeding to obtain relief against the guarantors in a proper manner.

For the reasons stated in this opinion the order of the superior court denying the motion to vacate the judgment is reversed and the cause is remanded with directions to vacate the judgment.

*Judgment reversed and cause remanded with directions.*

HALL, P. J., and HEBEL, J., concur.