## GRIFFETH v BENDER

Ohio Appeals, 3rd Dist, Crawford Co

No 1335.   Decided March 18, 1935

J. W. Wright, Bucyrus, for plaintiff in error.

O. W. Kennedy, Bucyrus, for defendant in error.

## OPINION

By CROW, J.

Two questions are presented, namely, first, Could Mary O. Griffeth attack the validity of the judgment in the proceeding in aid of execution? Second, Was the judgment against her alone, invalid by reason of the language authorizing confession of a judgment "against us"?

On the first point it is urged by counsel for defendant in error that the attempt of Mary O. Griffeth to escape the judgment, was a collateral attack and consequently not maintainable.

We can conceive of no attack which could possibly be more direct than the one she made because though not in the proceeding in which the judgment was rendered, it was to say the least by the party against whom the judgment had been taken, and against the party by whom it was taken, and that fact makes unnecessary any discussion whether the judgment was void because the court never had jurisdiction of her person, or whether it was voidable because of colorable jurisdiction.

The second ground involves the question whether, when a warrant of attorney is restrained to the power to confess a judgment against a plurality of persons, less than that number, in the case before us one of two persons, can be bound by such exercise of the power.

It is firmly settled in Ohio that a warranty of attorney to enter appearance and confess judgment, must be strictly construed. We are not called upon to point to the many examples in the decided cases, of the extremely strict construction universally ruled by the Ohio courts, for we are now dealing with a power of attorney for the entering of appearance and the confession of judgment "against us."

Counsel for Bender argues that §10509-139 GC, made the promissory note upon which the judgment was rendered in this case, a joint obligation with the result that the power of entry of appearance and confession of judgment could be accordingly exercised.

Our consideration of that section leads us to the conclusion that it was intended to abrogate the common law rule which made joint liability on a contract cease as to joint liability, at the death of one jointly liable, and to make the estate of such deceased person responsible as though

the liability had been joint and several, but we discover no language indicative of a purpose to affect a power of attorney to enter one's appearance, and confess judgment. We do not have before us any question of the liability of a deceased joint obligor, our question being the construction and effect, as to a living person, of a power of attorney to enter appearance, and confess judgment.

A case much, if not almost entirely relied on, by counsel for Bender, is the one in 122 Oh St at page 195, where the Supreme Court of Ohio held that a power of attorney in a promissory note, to enter the appearance of and confess judgment against the maker of a promissory note, would be effective against the maker when he was insane and under guardianship of person and estate.

There was in that case no question of joint obligation.

We recognize the binding force of that decision so far as pertains to the facts of the case, and whilst parity of reasoning therein might be argued in the instant case, we do not deem it a precedent herein, especially in view of the case in 88 Oh St at page 552, which was not mentioned in the 122 Oh St case supra.

The case in 88 Oh St 552 having been disposed of solely by journal entry, we obtained from the clerk of the Supreme Court a copy of the printed record to the end that we might know precisely what the case decided, from which record we found the point on which the decision turned to have been the validity of a judgment the lien of which was attempted to be enforced against real estate.

The judgment was obtained by The McKelvey Company against Emarinda Smith in the Court of Common Pleas of Stark County, Ohio, on a promissory note with warrant of attorney authorizing confession of judgment "against us", the promissory note having been also signed by Geo. Smith co-maker with Emarinda Smith, the two being sole makers. At the time of the rendition of the judgment against Emarinda Smith, Geo. Smith was dead.

Execution of the judgment was issued out of the Court of Common Pleas of Stark County, Ohio, and levied on real estate owned by Emarinda Smith, in Mahoning County, Ohio.

The McKelvey Company brought in the latter court, the case involved in the 88 Oh St case, for enforcement of the judgment lien, making Emarinda Smith, Margaret Patterson and one Hoffmaster defendants.

Margaret Patterson and Hoffmaster severally held judgment liens on said real estate of Emarinda Smith, which they pleaded, and they also alleged that the judgment of The McKelvey Company was invalid in consequence whereof the levy of the execution created no lien. Emarinda Smith did not defend.

The case was appealed to the Circuit Court of Mahoning County which decided that The McKelvey Company's judgment was not invalid and that the levy established a lien prior in right to the liens claimed by Margaret Patterson and Hoffmaster, and an order was made that the real estate be sold and the proceeds distributed.

The Circuit Court made findings of fact among which were that Geo. Smith was dead when the judgment was rendered against Emarinda Smith on the cognovit note, and that The McKelvey Company had a lien in virtue of its judgment and levy, and that Margaret Patterson and Hoffmaster had judgment liens, but that as a conclusion of law the liens of Margaret Patterson and Hoffmaster were subsequent in time and right to the lien of The McKelvey Company.

Error was prosecuted from the Circuit Court to the Supreme Court by Hoffmaster as plaintiff in error; Margaret Patterson filed a cross-petition in error; and each of the two assailed the lien of the other, but both prosecuted error as to The McKelvey Company on the ground that its judgment was invalid and consequently could not constitute a lien, for that Geo. Smith was dead when the judgment against Emarinda Smith was rendered.

The rest of the story is told in the journal entry of the Supreme Court, by the language that The McKelvey Company did not have a valid lien since the judgment had been "rendered on the appearance of defendant (Emarinda Smith), being entered under the authority of a joint warrant of attorney against one of the parties to such warrant; it appearing on the face of the record that the other party signing such warrant of attorney had died prior to entering such appearance, said joint power having been revoked by power of law."

Thus perished the claimed lien of The McKelvey Company, the liens of Margaret Patterson and Hoffmaster were established, and the case was remanded to the Circuit Court to ascertain and fix the amounts due them as lienholders, and for further proceedings.

That case stands as the law on its facts which are in substance wholly similar to

the facts in the present case. And in addition to its authority as a precedent in the interpretation of the power of attorney as applied to one creator of the power, when the other has died, it is also authority for an attack against an invalid judgment resulting from the exercise of such a power, by a person not even a party to the case wherein the judgment was rendered.

In the instant case the court below should have dismissed the proceeding in aid of execution, because the judgment sought to be enforced against Mary O. Griffeth, plaintiff in error here, and for failure to do so, the judgment will be reversed and final judgment will be here entered for her.

KLINGER, PJ, and GUERNSEY, J, concur.