People of the State of Illinois v. Cody Trust Co., Charles H. Albers, Receiver, Appellee.

Appeal of A. J. Swanson and W. J. Glover, Jr., Intervening Petitioners.

Gen. No. 40,706.

Opinion filed October 25, 1939.

JARECKI & BRAUTIGAM, of Chicago, CRUMPACKER & FRIEDRICH and JAY E. DARLINGTON, all of Hammond, Ind., for appellants.

GEORGE A. NOVAK, of Chicago, for appellee Charles H. Albers.

DEFREES, BUCKINGHAM, JONES & HOFFMAN, for appellee State Mut. Life Assur. Co.; VINCENT O'BRIEN and JOHN BAKER, both of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

The appellants, A. J. Swanson and W. J. Glover, Jr., as intervenors in the above action, filed a petition by leave of court.

From the averments of the intervening petition it appears that the respondent receiver came into possession of the fund of $9,228.49 after extended litigation between himself, the petitioners Swanson and Glover, and Geraldine S. Roberts; that Geraldine S. Roberts

was obligated on $7,000 second mortgage notes owned by and in possession of the receiver. This litigation was commenced in the United States District Court for the Northern District of Illinois, by way of a bill of interpleader, instituted by the Metropolitan Life Insurance Company. Said company deposited with the clerk of the United States District Court the sum of $12,253.37, proceeds of the life insurance policy of Thomas T. Roberts, now deceased, of which Geraldine S. Roberts was the beneficiary, after Albers on the one hand and the petitioners here on the other hand, had each demanded these funds from the Insurance Company. Albers' demand was a garnishment action, based upon the judgment by confession entered in the circuit court of Cook county, the petitioners' demand being, as assignees of Geraldine S. Roberts, beneficiary of the policy issued by the Metropolitan Life Insurance Company. At the conclusion of the trial on the issues, the judge of the United States District Court entered a decree, which, among other things, ordered the clerk of the District Court to pay to Charles H. Albers, as receiver of the Cody Trust Company, the sum of $8,772.68, with interest at the rate of 5 per cent from the date thereof, and next to pay to A. J. Swanson the sum of $1,600 with interest at the rate of 5 per cent; the balance remaining in the hands of the clerk of the court from the $12,253.37 deposited, was ordered to be paid to W. J. Glover, Jr., as trustee for Marguerite Swanson.

From this decree the petitioners in this cause appealed to the United States Circuit Court of Appeals, where the decree was affirmed. A petition for certiorari to the United States Supreme Court was denied. Thereupon the sum of $8,772.62 with interest and costs was computed by the court at $9,228.49, which sum the clerk of the court was ordered to pay to Albers, the receiver, and it was paid.

The petition of Swanson and Glover in the instant case further avers that action was taken by them in

the United States Circuit Court of Appeals, but does not contain the opinion of that court. The motion of the receiver to dismiss the petition supplies this deficiency, to which motion there was attached a memorandum of opinion entered in the United States Circuit Court of Appeals for the Seventh Circuit from which it will appear that Mrs. Roberts, as well as the petitioners, Swanson and Glover, presented a motion for leave to file a motion seeking authority to proceed with their bill of review in the District Court, and by such bill of review, Mrs. Roberts, as well as Swanson and Glover, sought to litigate the validity, under the Illinois law, of the judgment upon which Albers' claim was based in the District Court. The question which the petitioners are seeking to litigate here is whether the judgment by confession against Geraldine S. Roberts, as alleged by them, was void because based upon a void power of attorney. Such right was denied them by the court in the instant case, and the motion of the receiver to dismiss was sustained by the court. It is from that order that this appeal is now pending in this court.

The intervening petitioners insist that the judgment is void for lack of jurisdiction over Mrs. Roberts' person. The warrant upon which this confession of judgment was entered is as follows:

"The undersigned hereby appoints Arthur B. Cody or any attorney of any court of record to be his true and lawful attorney irrevocably for him, and in his name to appear in such court in term time or vacation after this note becomes due, whether by election as aforesaid, upon giving ten (10) days' notice of such default and election, or by regular maturity of this note, waiving service of process and confessing judgment in favor of the legal holder hereof for the amount due hereon, with costs and reasonable attorneys' fees; and also to file a cognovit therefor with an agreement therein that execution may issue forthwith, and that no writ of error shall be prosecuted upon judgment entered by virtue hereof, nor any bill in equity filed to

interfere with the operation of said judgment, and to release all errors that may intervene in entering up said judgment or issuing execution thereon, hereby ratifying and confirming all that said attorney may lawfully do by virtue hereof.

"(Signed) Thomas T. Roberts
"(Signed) Geraldine S. Roberts."

The argument offered by the respondent in this action is that the United States District Court, as a court of equity, had unquestioned jurisdiction of the subject matter, and of the parties here involved, as well as the additional party, namely: Geraldine S. Roberts, against whom judgment by confession was obtained by this respondent. In that case the court was called upon, and did determine which of the claimants was equitably entitled to the fund here involved, and by its decree awarded it to Albers, the receiver, and the only ground suggested in the petition by the petitioners is that the petitioners could have defeated the claim of Albers by asserting a defense which they failed to raise until too late. There is no question but that this defense could have been presented in the District Court proceeding, if properly raised, and the only excuse given for failing to raise it is that the petitioners had Indiana lawyers as counsel who did not know of this possible defense, "and could not by the exercise of reasonable diligence discover same until they were preparing their brief in the Circuit Court of Appeals." This is a mere conclusion. It is not alleged that there was any concealment or fraud practiced by the receiver,— it is not alleged that the notes containing the warrant of attorney, were not on file in the circuit court of Cook county, and available to inspection by counsel, nor why the alleged defense could not just as well have been seen on preparing the case for trial in the lower court as when writing brief on appeal.

The action in the District Court of the United States for the Northern District of Illinois is based upon an

action by the Metropolitan Life Insurance Company, a corporation, which was engaged in the life insurance business. The plaintiff in the interpleader action issued this policy to one Thomas T. Roberts, naming Geraldine S. Roberts, wife of the insured, as beneficiary. It appears from the pleadings filed by the plaintiff that Geraldine S. Roberts, A. J. Swanson, W. J. Glover, Jr. and Charles H. Albers, as receiver of Cody Trust Company, a corporation, have all made demands and conflicting claims against the Insurance Company, for the payment of the amount due upon the death of the insured, $12,253.37, and it is for that reason that the Metropolitan Life Insurance Company instituted this bill of interpleader, and for the purpose of interpleading said claims and of depositing the amount of the proceeds of the insurance policy in the sum of $12,253.37 with the clerk of the District Court and abide by the judgment of the District Court. After the respondents were joined in this action, a decree was entered in the District Court, which among other things ordered the clerk of the District Court to pay Charles H. Albers, as receiver of Cody Trust Company, the amount we have heretofore stated, being $8,772.68, with interest at the rate of 5 per cent from the date thereof, and next, to pay to A. J. Swanson the sum of $1,600 with interest at the rate of 5 per cent. The balance remaining in the hands of the clerk so deposited, was ordered to be paid to W. J. Glover, Jr. as trustee for Marguerite Swanson.

Upon the trial to which we have just referred, the intervening petitioners in this action stated their defense and, as we have already indicated, they did not allege the defense that the judgment by confession was void for the reason that it was entered after the death of Thomas T. Roberts. They proceeded with the trial of the case in the District Court of the United States and a decree was entered, the court finding that upon this judgment, Charles H. Albers, as receiver, was en-

titled to the amount fixed by the court, and that the question was raised after an appeal was taken by these intervening petitioners to the Circuit Court of Appeals of the United States. Upon their motion seeking authority in that court to proceed with a bill of review in the District Court, the court said:

" 'The question of the validity of Albers' judgment under Illinois Law is raised for the first time in this court. Appellants, in their brief, admit "we did not discover it until we were writing this brief." The point was not raised or considered by the court below, neither is it assigned as error, and, in fact, such a contention was not advanced in any manner or form. Under the rule often reiterated, the point is not open to review here.' "

A petition for certiorari was denied by the Supreme Court of the United States.

In discussing the subject under consideration, our attention has been called to the case of *Godschalck v. Weber*, 247 Ill. 269, by Charles H. Albers, the receiver, wherein the court passed upon a bill in equity to restrain execution of a writ of possession in a foreclosure proceeding. There had previously been a bill in chancery seeking to establish that the title holder merely held title in trust for the complainant. The bill in that matter was dismissed, and the court said in part:

"The doctrine of *res judicata* extends not only to the questions which were actually decided in the former case, but to the whole controversy,—to all matters properly involved which might have been raised and determined, and to all grounds of recovery or defense which the parties might have presented, whether they did so or not. The rule is so stated in numerous decisions, and the doctrine applicable to this case is thus stated in *Henderson v. Henderson,* 3 Hare, 115: 'In trying this question I believe I state the rule of the court correctly, that where a given matter becomes the subject matter of litigation in and of adjudication by

a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect to a matter which might have been brought forward as a part of the subject in contest, but which was not brought forward only because they have, from negligence, inadvertence, or even accident, omitted a part of their cause. The plea of *res judicata* applies not only to the point upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising a reasonable diligence, might have brought forward in time.' The principle 'extends not only to questions of fact and law which were decided in the former suit, but also to the grounds of recovery or defense which might have been but were not presented.' (*Town of Beloit v. Morgan,* 7 Wall. 619.) The language of these decisions has been quoted as announcing the true doctrine in *Litch v. Clinch,* 136 Ill. 410, and *Harmon v. Auditor of Public Accounts,* 123 id. 122. In the latter case it is said, on page 133: 'Nor is such former judgment or decree conclusive only as to questions actually and formally litigated. It is conclusive as to all questions within the issue, whether formally litigated or not.' "

And then again in the case of *Webb v. Gilbert,* 357 Ill. 340, the court said: "When there has been a final judgment or decree neither party thereto should again be permitted to re-litigate by undertaking to change his position in the case and to force his adversary again to defend against the same matters and matters collateral thereto as were properly involved or might have been brought forth in the prior litigation, nor should the time of the court be taken in considering and deciding issues between the same parties involving the same subject matter where there has already been

one final decision, which is still in full force and effect. Property rights and civil liberty cannot be properly safeguarded if parties are to be permitted, after final judgment and decree, to again litigate the same matters. Final decrees and judgments must be permanent in their character in order to give to the citizen a sense of security. The trial court did not err in determining that the decree in the case of *Webb v. Hill, supra,* was conclusive as to all the rights, interests and estates then existing in the complainant to the premises in question.'' See Bailey v. Bailey, 115 Ill. 551.

A rather interesting case has been cited entitled *People v. Wade,* 351 Ill. 484, which was a case of scire facias on a bail bond, and judgment, a writ of error to the Appellate Court, and there affirmed, then certiorari denied in the State and United States Supreme Court, and then a motion to vacate the judgment, which was denied and a direct appeal to the Supreme Court on the constitutional ground that the statute was void. The court said in its opinion:

''The doctrine of *res judicata* applies to this writ of error. That plea applies not only to the point upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising a reasonable diligence, might have brought forward in time. The principle extends not only to questions of fact and law which were decided in the former suit, but also to the grounds of recovery or defense which might have been but were not presented, including not only constitutional grounds but all other grounds of defense. *Godschalck v. Weber,* 247 Ill. 269.''

Upon the question of *res judicata,* the failure of the respondents in the interpleader case to bring to the attention of the court all matters of defense, whether of law or fact—and where a final judgment or decree has been entered, neither of the parties to the action

should be permitted to relitigate by undertaking to change his position in the case and to force his adversary to again defend as to the same matters and upon the grounds collateral thereto. The petitioners in the instant case, however, in order to evade such rule, have suggested to this court that the judgment was absolutely void, and because it was confessed against Mrs. Roberts on a joint warrant of herself and her husband, after her husband's death, such judgment is open to collateral attack, and cite authorities in support of their position. Therefore, we will consider the promissory note with the warrant of attorney, which are contained in a single instrument. It is proper that the court consider all its provisions in construing any portion of it. As we have already set forth the warrant of attorney herein, it is necessary that we consider a further provision to determine whether the note in question is a joint and several one, also to consider the confession clause, together with that portion of the note which provides that:

"Every person now or at any time liable, whether primarily or secondarily, for the payment of the indebtedness hereby evidenced, for such person and for the heirs, legal representatives, successors and assigns of such person, expressly waives presentment for payment, notice of dishonor, protest, notice of protest and diligence in collection, and assents that the time of said payment may be extended, as in the Trust Deed, securing this note provided or otherwise, without in any wise modifying, altering, releasing, affecting or limiting his, her or its liability on the lien of said Trust Deed."

The Supreme Court in the case of *Farmers Exchange Bank of Elvaston v. Sollars,* 353 Ill. 224, considers the questions of legal character. The majority opinion of the court is:

"Although it was held in *Mayer v. Pick,* 192 Ill. 561, and *Keen v. Bump,* 286 Ill. 11, that the mere fact the

promissory note portion of an instrument is joint and several would not affect the character of the warrant or power of attorney if the latter were, in fact, joint, it does not necessarily follow that the provisions of the note may not be considered in determining whether the warrant is, in fact, joint or joint and several. Where, as here, the undertakings of the signers are all contained in a single instrument, it is proper to consider all of its provisions in construing any portion of it. The promissory note features of the instruments in this case are by their terms joint and several. The second paragraph of the instruments contains the warrant of attorney and provides that 'the *makers* and all endorsers hereof *severally* waive presentment for payment, notice of nonpayment, protest and notice of protest of this note,' etc. Without interruption, and in the same sentence, the instruments continue by providing that 'authority is hereby irrevocably given to any attorney of any court of record to appear for the *undersigned*' and to confess judgment against the '*undersigned.*' In Webster's New International Dictionary (1927) the words 'the undersigned' are defined to mean: 'the person whose name is signed or the persons whose names are signed at the end of the document; the subscriber or subscribers.' The word 'undersigned,' as used in the instruments in question, may be interpreted as referring to the acts of the two parties severally as well as jointly, and in view of the other language of the instruments definitely indicating the intention and purpose of the signers to act and be bound severally as well as jointly, we think a fair construction of the instruments leads to the conclusion that the warrants or powers of attorney were intended to be joint and several.''

So that what was said by the Supreme Court in that opinion applies to what is contained in the promissory note here, and in considering this note we can reach but one conclusion, and that is that the note is a joint and several one, for the reason that the paragraph of the

note above quoted in part uses this language: "Every person now or at any time liable," and again this language: "for such person and for the heirs, legal representatives, successors and assigns of such person," and finally the note provides: "without in any wise modifying, altering, releasing, affecting or limiting his, her or its liability on the lien of said trust deed." This is apparent from the facts as they appear in this case. The court having reached this conclusion it was the duty of the intervening petitioners, who are now in this court, to have appeared in the District Court of the United States and offered their defense, or such defense as they believed necessary. Having failed to do so they are bound by the judgment of the District Court when it entered its decree.

The court in dismissing the petition filed by the intervening petitioners, A. J. Swanson and W. J. Glover, Jr., did not err under the facts and circumstances stated in this opinion. The order is therefore affirmed.

*Order affirmed.*

DENIS E. SULLIVAN, P. J. and BURKE, J., concur.