**FREY, Plaintiff-Appellee, v. CLEVELAND TRUST COMPANY, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19215.    Decided November 1, 1943.

C. J. Suffens, Cleveland, Harry A. Blachman, Cleveland, for plaintiff-appellee.

Cummings, Mook, Strong & Douglas, Cleveland, for defendant-appellant.

## OPINION

By MORGAN P. J.

In this action the plaintiff seeks to quiet his title to certain real estate from the cloud of an alleged lien secured by the defendant on the premises. The defendant filed a cross-petition in which it set up its lien and prayed that the premises be sold to satisfy the lien.

Whether defendant's lien is valid depends on whether the defendant secured, on May 14, 1941, a valid judgment against Mabel V. Lamos, the previous owner of the premises as it is conceded that if the judgment is valid the defendant took the proper proceedings to perfect its lien.

On April 24, 1931, Mabel V. Lamos and her husband, Eugene Lamos, signed a promissory note in which it was provided that "the undersigned jointly and severally promise to pay to the order of The Cleveland Trust Company Eighteen Hundred Dollars ($1800.00) * * * * * * * * * *." The note carried with it a power of attorney in the following words:

"The undersigned hereby authorizes any attorney at law

to appear in any court of record * * * after the above obligation becomes due and waive the issuing and service of process and confess judgment against any or all of the undersigned in favor of The Cleveland Trust Company * * * *."

Eugene Lamos died before the defendant secured its cognovit judgment against Mabel V. Lamos. The common pleas court, on the authority of **Hoffmaster v The G. M. McKelvey Company et al, 88 Oh St 552**, held that the power of attorney in the note to enter appearance and to waive service was joint and not several, and accordingly the power was revoked by death of one of the joint makers. In this ruling we believe that the trial court erred.

The decision in **88 Oh St 552** was based on the fact as stated by the court, that the parties had signed "a joint warrant of attorney." The terms of the warrant of attorney are not set forth in the decision, but in the case of **Griffith v Bender, 19 Abs. 135**, it is stated that the warrant of attorney in the case reported in **88 Oh St 552** authorized a confession of judgment "against us." Undoubtedly a warrant of attorney authorizing a confession of judgment "against us" is joint and accordingly would be revoked by the death of one of the signers.

In this case it is conceded that the note is joint and several, and the authority to confess judgment "against any or all of the undersigned" is also joint and several.

The appellee contends, however, that the authority given in the above note to enter appearance and to waive the issuing and service of process is joint and not several. We think this claim is unfounded. The authority given the attorney to enter the appearance of the makers and to waive service is found in the same paragraph and in the same sentence as the authority to confess judgment. The words "and the undersigned hereby authorize any attorney at law to appear in any court of record * * * * * and waive the issuing and service of process and confess judgment against us or all of the undersigned" in our opinion clearly authorizes an attorney to enter the appearance "of any and all of the undersigned" just as it authorizes the attorney to "confess judgment" against any or all of the undersigned.

A similar question was presented in the case of **Farmers Exchange Bank v Marie Sollars, 353 Ill. 224**. In that case a joint and several note was signed by Marie Sollars and her husband. It contained a power of attorney giving the attorney the right to "appear for the undersigned in any court

of record and waive the issuance and service of process and confess judgment against the undersigned * * * * * *." The same sentence contained the further provision that "the makers and all endorsers hereof, severally, waive presentment for payment, notice of non-payment, protest and notice of protest of this note."

It will be observed that the authority contained in the note in the Illinois case "to confess judgment against the undersigned" is not as clearly joint and several as is the authority in the present case to "confess judgment against any or all of the undersigned."

In the above Illinois case the husband died and a judgment was later confessed under the power of attorney against Marie Sollars, co-maker. The Illinois court held that the power of attorney was joint and several and accordingly was not revoked by the death of one of the co-makers.

The above Illinois case is also reported in 89 A.L.R. 398. A note following the report of the case in A.L.R. collects the cases in other jurisdictions.

Inasmuch as the authority to enter appearance and to waive the service of process as well as the authority to confess judgment, as found in the note under consideration, is joint and several, it is our opinion that the death of Eugene Lamos, a co-maker, did not revoke the authority to enter the appearance of the survivor and to confess judgment against her.

Accordingly, the judgment of the common pleas court, quieting plaintiff's title in this case against defendant's lien, will be reversed and final judgment is rendered for the defendant on plaintiff's petition and on its cross-petition.

SKEEL, J., & LIEGHLEY, J., concur.