Zimmerman, J.,
 

 dissenting. In Ohio, a promissory note reading, “I promise to pay” and signed by two •or more persons as makers is a joint and several obligation and may be read, “we or either of us promise 'to pay.”
 
 Wallace
 
 v.
 
 Jewell,
 
 21 Ohio St., 163;
 
 Hance, Exr.,
 
 v.
 
 Hair,
 
 25 Ohio St., 349;
 
 First National Bank
 
 v.
 
 Fowler,
 
 36 Ohio St., 524; subsection 7 of Section 8122, General Code.
 

 The case of
 
 First National Bank of Findlay
 
 v.
 
 Trout,
 
 58 Ohio St., 347, 51 N. E., 27, involved a cognovit note
 
 *544
 
 almost identical with the one in the present case, which read, “I promise to pay,” etc. It was signed by two persons as makers. As here, the blank spaces appearing in the warrant of attorney to-confess judgment were not filled in. Upon those facts, the court held that the obligation of the makers was “several as well as joint,” that no substantial defect in the warrant resulted from the omission to fill the blanks, and that a judgment by confession taken against the makers was valid and binding.
 

 A careful reading of that case together with the syllabus leads to the conclusion that the court considered the singular pronoun, “I,” near the beginning of the note of controlling significance in relation to the entire instrument and as demonstrative of the intention of the parties to create a joint and several undertaking as to both the note and the accompanying warrant.
 

 Such interpretation is strengthened by reference to the cases of
 
 Packer
 
 v.
 
 Roberts,
 
 140 Ill., 9, and
 
 Sweesey
 
 v.
 
 Kitchen,
 
 80 Pa. St., 160, cited as authorities in the
 
 Trout case,
 
 where the singular pronoun “I” used in the promissory note part of the instrument was carried through correspondingly to the spaces left blank in the warrant of attorney immediately following.
 

 The Supreme Court of Illinois had occasion to consider a similar question in the case of
 
 Farmers Exchange Bank of Elvaston
 
 v.
 
 Sollars,
 
 353 Ill., 224, 187 N. E., 289, 89 A. L. R., 398, and said in its opinion:
 

 “Although it was held in
 
 Mayer
 
 v.
 
 Pick
 
 [192 Ill., 561, 61 N. E., 416, 85 Am. St. Rep., 352] and
 
 Keen
 
 v.
 
 Bump
 
 [286 Ill., 11, 121 N. E., 251],
 
 supra,
 
 that the mere fact the promissory note portion of an instrument is joint and several would not affect the character of the warrant or power of attorney if the latter were, in fact, joint, it does not necessarily follow that the provisions of the note may not be considered in-determining whether the warrant is, in fact, joint or
 
 *545
 
 joint and several. Where, as here, the undertakings of the signers are all contained in a single instrument, it is proper to consider all of its provisions in construing any portion of it. The promissory note features of the instruments in this case are by their terms joint and several. * * #
 

 “The circuit and Appellate Courts therefore erred in holding that the warrants of attorney in the notes sued on were joint and not several as well as joint.”
 

 See, also,
 
 Holmes
 
 v.
 
 Partridge,
 
 375 Ill., 521, 31 N. E. (2d), 948, where the court remarked near the close of the opinion:
 

 “ * * * The provisions of the note may be considered in determining if the warrant is joint or joint and several. * *
 
 *
 
 The note features of the instruments clearly indicate an intention to be bound jointly and severally. This is an additional factor leading to the conclusion that the warrants of attorney should be construed as joint and several.”
 

 Of similar import is the case of
 
 Irwin
 
 v.
 
 Rawling
 
 (Mo. App.), 141 S. W. (2d), 223. Compare
 
 Croasdell
 
 v.
 
 Tallant,
 
 83 Pa. St., 193.
 

 Where the meaning of a warrant of attorney to confess judgment is ascertainable from a perusal of the entire instrument of which it is a part, the omission of words meant to be inserted, will not be permitted to defeat the intention of the parties. 49 Corpus Juris Secundum, “Judgments,” 280, Section 153.
 

 Upon the basis of the apparent holding in
 
 First National Bank of Findlay v. Trout, supra,
 
 and the foregoing comments, I entertain the view in this ease that the warrant of attorney annexed to the note constituted a joint and several commitment on the part of the .signers, that the judgment by confession, as to those signers who were alive at the time of confession and who were
 
 sui juris
 
 on the date the note and warrant were executed, was authorized and proper
 
 *546
 
 and that the judgment of the Court of Appeals, which in effect completely invalidated the cognovit judgment, is erroneous and should be reversed.
 

 Turnee, J., concurs in the foregoing dissenting opinion.