(No. 19712.—

CHANNING M. WELLS *et al.* Defendants in Error, *vs.* THE GEORGE W. DURST CHEVROLET COMPANY, Plaintiff in Error.

*Opinion filed October 25, 1930.*

LEVINSON, REIN & FINK, (THEODORE E. REIN, and SIGMUND A. FINK, of counsel,) for plaintiff in error.

JOHN A. BURKE, (JOSEPH D. DALY, of counsel,) for defendants in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Channing M. Wells, Albert B. Wells, J. Cheney Wells, John H. Hardin and Fred C. Merry, trustees of American Optical Company, a voluntary association of Massachusetts, recovered a judgment by confession in the municipal court of Chicago against the George W. Durst Chevrolet Company, a domestic corporation, for $2351.31 and the costs of suit. The defendant made a motion to vacate the judgment. From the order denying the motion, an appeal was prosecuted to the Appellate Court for the First District, and that court affirmed the order. The record is before this court as a return to a writ of *certiorari*.

The American Optical Company, a voluntary association created and existing by virtue of the laws of Massachusetts, demised to the George W. Durst Chevrolet Company, the plaintiff in error, by a written lease, certain premises in the city of Chicago for the term beginning March 1, 1926, and ending September 29, 1932, at a rental of $333.33 per month. Ira Mosher, comptroller, signed, and Irving L. Ricts, assistant secretary, attested, the lease in behalf of the lessor, but its seal, if it had one, was not affixed. The lease was executed in behalf of the lessee by its president and secretary and the latter affixed its corporate seal. The power to confess judgment from time to time for any rent

owing to the lessor, or its assignees, with costs and $20 attorney's fees, was conferred by the lease.

The defendants in error claimed that the rent for seven successive months beginning April 1, 1927, had not been paid, and the judgment by confession which they recovered included the rent for that period and their attorney's fees. In the caption to their statement of claim they add, after their individual names, the words, "Trustees of American Optical Company, a voluntary association of Massachusetts," but the statement itself contains no allegation that they are the trustees or the representatives of the lessor, or that the lease was assigned to them, or that they have any right or title to the rent accrued under the lease. The motion of the plaintiff in error to vacate the judgment was based upon the ground, among others, that the defendants in error were strangers to the lease and showed no right to maintain an action upon it.

The lessor in the lease is the American Optical Company, a voluntary association. The right to recover judgment by confession against the lessee, for rent overdue and unpaid is, by the provisions of the lease, available to that association, or its assignees. The judgment in this case was recovered by five individuals who append to their names, in the title of the case, the recital "Trustees of American Optical Company, a voluntary association of Massachusetts." The use of the appended words may be descriptive either of the persons suing or of the capacity in which they sue and whether these words are to be regarded as used in the first or second sense must be determined from the allegations of the statement of claim. If a cause of action in favor of the plaintiffs personally is stated, the words must be held to be descriptive of the persons, for they can have no other use. The lease is made a part of the statement of claim. The defendants in error are not mentioned in the lease and had no part in its execution. Neither the lease nor the statement of claim shows any trust relation-

ship between the lessor and the defendants in error or any other person whomsoever. If it be assumed that the defendants in error are the trustees of the lessor, the nature, terms and conditions of the trust, are not disclosed, and the power of the trustees to institute suit upon the lease is not established. In such a situation it necessarily follows that the appended words are merely descriptive of the defendants in error, the plaintiffs in the trial court, and that the judgment was confessed in favor of the plaintiffs in their individual, and not in any fiduciary, capacity.

A stranger to a contract, to maintain an action upon it, must show his right to enforce the contract by appropriate allegations in his declaration. (*Rodhouse* v. *Chicago and Alton Railway Co.* 219 Ill. 596). Words in a caption of the statement of claim merely descriptive of the person are not sufficient for that purpose. The defendants in error were strangers to the lease and they showed no right, by their statement of claim, to maintain a suit upon it.

The power to confess a judgment must be clearly given and strictly pursued and a departure from the authority conferred will render the confessed judgment void. (*Keen* v. *Bump,* 286 Ill. 11; *Weber* v. *Powers,* 213 id. 370; *Whitney* v. *Bohlen,* 157 id. 571; *Little* v. *Dyer,* 138 id. 272; *Frye* v. *Jones,* 78 id. 627; *Tucker* v. *Gill,* 61 id. 236; *Chase* v. *Dana,* 44 id. 262). The power to confess judgment in favor of the American Optical Company, a voluntary association, or its assignees, did not authorize the recovery of a judgment, without process, by individuals who failed to establish their right to invoke the exercise of that power. The judgment under review was therefore void and the municipal court should have vacated it.

The judgment of the Appellate Court and the order of the municipal court are reversed and the cause is remanded to the municipal court with directions to vacate the judgment rendered against the plaintiff in error by confession.

*Reversed and remanded, with directions.*