## T. W. Doss, Plaintiff in Error, v. Henry L. Evans et al. A. C. Roberts, Defendant in Error.

### Gen. No. 8,704.

Opinion filed January 16, 1933. Rehearing denied April 5, 1933.

W. A. Doss and CARL I. GLASGOW, for plaintiff in error.

SENTEL & COCHRAN and J. L. HICKS, for defendant in error.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

A judgment by confession was entered in vacation during the October, 1931, term of the Piatt county circuit court on December 14, 1931, on a note dated December 17, 1930, due January 1, 1932, for $896.23, the note and power of attorney being signed only by Henry L. Evans and Roy Evans. The note was signed on the back in blank by the defendant in error A. C. Roberts, who makes the motion on limited appearance to vacate and set aside the judgment as to himself. Defendant in error Roberts is a simple indorser upon the note. Judgment was entered December 14, 1931.

The October, 1931, term of said circuit court adjourned on January 22, 1932. The February, 1932, term of said circuit court convened February 1, 1932, at which term motion to vacate was entered.

The judgment was taken before the maturity of the note against both the makers and the indorser, A. C. Roberts. One of the grounds for setting aside said judgment is lack of jurisdiction. The court vacated and set aside said judgment as to A. C. Roberts, defendant in error. This case is brought to the Appellate Court to reverse the order of the circuit court, but defendant in error A. C. Roberts asks that the order be affirmed.

Any person having a debt bona fide due may confess judgment by himself or attorney duly authorized, either in term time or vacation, without process. Cahill's St. ch. 110, ¶ 88. (Smith-Hurd statute, chapter 110, section 88.) A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicated by appropriate words his intention to be bound in some other capacity. Cahill's St. ch. 98, ¶ 83. (Smith-Hurd statute, chapter 98, section 83.) Every indorser not an accommodating party who indorses without qualification, warrants to all subsequent holders in due course, as set forth in paragraphs one and two of the Negotiable Instruments Act, Cahill's St. ch. 98. And, in addition, every indorser engages that on due presentment, it shall be accepted or paid or both, as the case may be, according to its tenor, and that if it be dishonored and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it. Cahill's St. ch. 98, ¶ 86. (Smith-Hurd statute, chapter 98, section 86.) But except as herein otherwise provided by statute, presentment for payment is necessary in order to charge the drawers and indorsers.

There is no other liability upon a simple indorser of a note. Defendant in error in this case signed no power of attorney to confess judgment. His name upon the back of the note is well defined in the Negotiable Instruments Act, as it always has been defined at common law as a simple indorser and is not construed as authorizing the power of attorney to confess judgment any more than if it were a thousand miles away from the note. It has been held that the power to confess judgment must be clearly given and strictly pursued, otherwise the judgment confessed ·is void. *(Wells v. Durst Chevrolet Co.,* 341 Ill. 108; *Hughes v. First Acceptance Corp.,* 260 Ill. App. 176.) If there is no power of attorney to enter the appearance of the defendant and confess judgment, the judgment is a nullity and binds no one. *(Weber v. Powers,* 213 Ill. 370; *Mayer v. Pick,* 192 Ill. 561; *Keen v. Bump,* 286 Ill. 11; and *Dulsky v. Lerner,* 223 Ill. App. 228.)

For the reasons stated, the judgment of the circuit court of Piatt county is affirmed.

*Affirmed.*