Liberty National Bank of Chicago, as Trustee Under Trust Agreement Number 5776, Appellee, v. Laura Ann Vance, as Assignee of Ethel Levy, and Ethel Levy, Appellants.

Gen. No. 46,242.

Opinion filed June 8, 1954. Rehearing denied June 23, 1954. Released for publication June 29, 1954.

ALFRED M. LOESER, of Chicago, for appellant.

JOSEPH Z. WILLNER, of Chicago, for appellee.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Laura Ann Vance (hereinafter called defendant or counterplaintiff), assignee of the right, title and interest of her co-defendant Ethel Levy, lessee of the building (except certain parts of the first floor and

basement) located at 801–03 Milwaukee avenue, Chicago, under a lease from plaintiff, appeals from an order striking her third amended petition to vacate a judgment by confession against her and her co-defendant for $3,800—rent due, $20 attorney's fees and costs, striking and dismissing her third amended counterclaim and confirming the judgment in full force and effect.

The lease, dated October 17, 1950, demised and leased the premises "for offices and hotel purposes" for five years, commencing November 1, 1950. It recites the deposit of $1,200 by lessee as security for the faithful performance of the covenants and agreements of the lease, all or any part of the same to be applied at the option of the lessor to the payment of rent due at any time the lessee may be in default, and the residue, if any, to be returned to the lessee upon the expiration of the lease and the removal of the lessee from the premises. By the Twelfth paragraph permission is "given to the Lessee to remodel and make necessary changes in the premises herein as she may see fit to do so, for the purpose of her business, which changes and remodeling shall be done at her expense . . . ." By the succeeding paragraph the lessee agreed "to maintain and care for the premises and pay for all the improvements or repair of all plumbing, heating system, elevator, all necessary electrical work including all other necessary and general repair for the maintenance and upkeep of the premises . . . throughout the inside of the premises." October 5, 1951 the lessee, with the consent of plaintiff, assigned all her right, title and interest in and to the lease to defendant. October 17, 1952 plaintiff filed its statement of claim for rent at $500 per month for the months of January through October 1952, "less the sum of $1200.00 heretofore deposited as security," with *cognovit* for the entry of the judgment. October 20, 1952 judgment

4

was entered against the lessee, and defendant as her assignee.

Defendant filed a petition to vacate the judgment, and a first, second and third amended petition to vacate the judgment and counterclaim. All were stricken. The appeal is necessarily from the order striking the third amended petition and counterclaim.

The basis of the petition to vacate the judgment is the alleged illegality of the lease and its assignment because the use of the building for offices and hotel purposes is prohibited by the building and zoning ordinances of the City of Chicago. By her counterclaim defendant seeks to recover from her co-defendant and assignor $6,075, the value of a mortgage note (less $1,200, the amount deposited by the co-defendant as security under the lease) given by defendant as consideration for the assignment of the lease to her, and to recover from plaintiff the $1,200 deposited with it by lessee, as aforesaid, upon the grounds of fraud of the counterdefendant in the assignment of the lease. The co-defendant and lessee has not attacked the judgment by confession. In the trial court she moved to strike the various counterclaims and her motions were sustained. She has not followed the appeal.

██ Although each of defendant's pleadings has been amended three times, each of the pleadings before us is in some respects uncertain, indefinite and inconsistent. We take judicial notice of the building and zoning ordinances of the City of Chicago. (Ill. Rev. Stats. 1953, chap. 51, secs. 48a, 48b [Jones Ill. Stats. Ann. 107.122, 107.123].) Defendant alleges that the use of the building for hotel purposes is unlawful because "the Ordinances of the City of Chicago required all hotels of the height, dimensions and size of the premises herein involved to be of the fire proof construction, and that stairways and elevators be enclosed and various supports through the floors be installed"; that

5

the building is not "of fire proof construction and can not be made of fire proof construction. The stairways and elevators were and are not enclosed and the necessary supports through the floors were never installed, and therefore, are contrary to the requirements of the said Ordinances, and could not be converted to hotel purposes for the reason the City of Chicago did not and will not issue its permit for hotel purposes, for the reason the said premises can not be physically enclosed as stairways"; that the use of the building for offices is unlawful and illegal "for the reason that Section 51–1.2 of the Ordinances of the Building Code of the City of Chicago provides that 'Buildings of the construction as were and are herein referred to; that is, wooden joists may not exceed four stories in height, and the offices in the building leased rise to a height of six stories.'" Numerous parts of the Building Code are cited by chapter, section, paragraph and sub-paragraph, with what purport to be extracts from the ordinances enclosed in quotation marks. An examination of the present Municipal Code of the City of Chicago, containing the building ordinances revised in 1949, fails to reveal in the chapters and sections of the Code designated by defendant the purported quoted extracts from the ordinances. We find no factual support in the ordinances or in allegations of the petition of the allegations hereinbefore quoted. As hereinbefore indicated, permission is expressly given the lessee to make necessary changes in the premises for the purpose of her business at her expense, and the obligation to make general repairs inside the building is imposed upon her. There are no facts properly pleaded showing the changes and alterations required in the building in order to make it available for office and hotel uses. There is an allegation that "the City of Chicago will not issue a permit or allow any such remodeling for the reason the underlying structure of

6

the building does not comply with the requirements of a hotel as well as office purposes as hereinbefore set forth and are contrary to the Fire Ordinances as hereinbefore set forth." The petition is defective in failing to allege facts to support the conclusions of inability to remodel or change the premises so as to make them comply with the city ordinances and render the building available for office and hotel purposes.

There is no allegation that the use of the building for "offices and hotel purposes" is prohibited by the zoning ordinance. Sections 16 and 20 of the ordinance are cited by defendant. Examination of the ordinance shows that the building is in a commercial-use district in which the maintenance and operation of buildings for office and hotel purposes is permitted. Section 20, relating to elimination of nonconforming uses, is irrelevant. The building is in a second-volume district, fixed by the zoning ordinance. Section 16, limiting the height of buildings in these districts to 45 feet, is restricted to buildings "hereafter to be erected." (Ill. Rev. Stats. 1953, chap. 24, sec. 73—1 (1) [Jones Ill. Stats. Ann. 21.2122, subd. (1)].) As the demised building was 50 years old on the effective date of the ordinance, January 1, 1945, this section is irrelevant.

In the absence of proper allegations of fact showing illegality of the lease of the premises "for offices and hotel purposes," the further allegations that misrepresentation and fraud by plaintiff and the lessee induced defendant to accept the assignment of the lease, are immaterial. The fraud relied upon is the alleged misrepresentation that "the premises were built for hotel purposes and could be used for a hotel and had been used for a hotel." Defendant delivered to the lessee a mortgage note on which a balance of $7,275 was due, in consideration for the assignment. She alleges that she gave this note to the lessee "in

7

reliance upon the untrue and false representations and pretenses of the said Ethel Levy (lessee)," and that the note was given for the leasehold "upon which the said Ethel Levy (lessee) and plaintiff made the said representations." Furthermore, defendant takes inconsistent positions in her counterclaim. She seeks to recover from plaintiff the $1,200 deposited by lessee as security, and from the lessee $6,075, the value of the note less the security deposit. In the claim against lessee, defendant repudiates the assignment and bases her action on rescission of it. The claim against plaintiff recognizes the assignment and is based on its validity. A further defect in the defendant's counterclaim against plaintiff for the $1,200 is that such sum is not shown by the assignment set out in the defendant's petition to have been assigned to her. If it had been assigned defendant could not recover it so long as rent was due and owing from the lessee. The court did not err in striking the amended petition and amended counterclaim.

The remaining question is the correctness of the order of the court confirming the judgment by confession. In her reply brief defendant for the first time questions the right of plaintiff to confess judgment against her as assignee of the lease. In support of this contention she cites several Pennsylvania cases, among which is *Girard Trust Co. v. Cosgrove,* 270 Pa. 570. As this objection goes to the jurisdiction of the court to enter judgment by confession on the warrant of attorney in the lease, it is not waived by defendant's delay in presenting it. It is the duty of the court to act whenever lack of jurisdiction appears on the record or is otherwise brought to its attention.

Power to confess judgment must be clearly given and strictly pursued, and a departure from the

8

authority conferred will render the confessed judgment void. *Wells v. Durst Chevrolet Co.,* 341 Ill. 108. The warrant of attorney before us authorizes entry of appearance of the lessee and confession of judgment against her for any rent which may be due to the lessor and its assignees. Under the assignment defendant, as assignee, assumed and agreed only "to make all the payments and perform all the covenants and conditions of the within lease by said party of the second part (lessee) to be made and performed." A warrant to confess judgment, as said in *Bush v. Hanson,* 70 Ill. 480, "is a familiar common law security." To the same effect are *Bonnett-Brown Corp. v. Coble,* 195 N. C. 491; *Mellon v. Ritz,* 332 Pa. 97; Black's Law Dictionary (4th ed.) page 1757. By agreeing to make payments required of lessee under the lease, defendant did not become a party to the warrant of attorney or otherwise authorize the entry of her appearance and the judgment against her. The judgment confessed against defendant is a nullity. The want of jurisdiction was not cured by the general appearance of defendant and her motion to vacate the judgment on other grounds. This action is not retroactive. By it the court acquired personal jurisdiction of defendant. Her petition to vacate the judgment is in effect an answer to the complaint. The court had jurisdiction to determine the sufficiency of the defenses asserted therein. The petition could not give vitality to the prior void judgment. The court should have entered judgment for plaintiff on the complaint when striking the third amended petition to vacate.

The order striking the amended petition and the amended counterclaim and dismissing the latter is affirmed. The order confirming the judgment by confession is reversed and the cause is remanded with

9

directions to proceed in conformity with the views expressed herein.

*Order striking amended petition and amended counterclaim and dismissing latter is affirmed.*

*Order confirming judgment by confession is reversed and cause remanded with directions.*

BURKE and FRIEND, JJ., concur.