Commercial Credit Corporation, Appellee, v. Aldo
Biagi, Appellant.

Gen. No. 46,816.

First District, Third Division.

June 13, 1956.

Rehearing denied July 18, 1956.

Released for publication September 12, 1956.

Andalman & Andalman, of Chicago, for appellant;
Maxwell N. Andalman, and Bernard W. Vinissky, both
of Chicago, of counsel.

McKeown, Trussell & Boland, of Chicago, for appellee; Raymond J. Boland, and Edward P. McKeown, both of Chicago, of counsel.

JUDGE FEINBERG delivered the opinion of the court.

Plaintiff confessed judgment upon a note signed by defendant which, together with a conditional sales contract executed by defendant, represented the purchase of an air conditioning unit from the payee, who endorsed the note and assigned the conditional sales contract to plaintiff.

The pleadings, which were filed by defendant to vacate the judgment, set forth the conditional sales contract. It was therein alleged that the contract required the payee of the note to deliver and install the air conditioning unit referred to; that they failed to install the unit, therefore the consideration for the note failed; and that plaintiff had knowledge that the note was given for the purchase and installation of the unit.

The judgment was opened, and defendant allowed to defend, the judgment to stand as security. Plaintiff filed an amended statement of claim, making an additional party, who later was dismissed out of the action. A reply by plaintiff to defendant's petitions denied that there was failure of performance by the payee of the note and denied that it had knowledge that the consideration for the note had failed when it acquired the note. Thereafter, upon motion of plaintiff, the court allowed plaintiff to withdraw its reply and struck all of the pleadings of defendant, holding that nothing set up in the pleadings constituted a defense to plaintiff's claim, and that the clause in the conditional sales contract, which reads:

"This contract may be assigned and/or said note may be negotiated without notice to me and when as-

81

signed and/or negotiated shall be free from any de fense, counter claim or cross complaint by me, . . ."

precludes defendant from setting up the defense relied upon.

There is much discussion in the brief as to whether plaintiff is a holder in due course under the Uniform Negotiable Instruments Act, Ill. Rev. Stat. 1955, Ch. 98, § 79.

In view of the conclusion we have reached, we deem it unnecessary to determine whether plaintiff is a bona fide holder under that statute. Even if plaintiff be held not to be a bona fide holder, we think the quoted clause in the contract bars the defense asserted.

The Uniform Sales Act, Ill. Rev. Stat. 1955, Ch. 121½, § 71, provides:

"Variation of implied obligations.] § 71. Where any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale."

■ This section permits the quoted clause in the conditional sales contract.

■ There is no Illinois case cited, and our search has not disclosed one, that interprets the quoted clause in question. However, in United States v. Troy-Parisian, Inc., 115 F.2d 224, which involved a conditional sales contract with a similar clause, the court held that such a clause in the contract bars such a defense to the note. To the same effect are Jones v. Universal C. I. T. Corp., 88 Ga. Appeals 24; National City Bank of New York v. Prospect Syndicate, Inc., 170 Misc. 611, 10 N.Y.S.2d 759; Guaranty Securities Co. v. Equitable Trust Co., 136 Md. 417; Bank of Centerville v. Larson, 47 S. D. 374; Refrigeration Discount Corp. v. Haskew, 194 Ark. 549. We are persuaded by the reasoning in

the cases cited that defendant, because of the quoted clause in the conditional sales contract, is barred from asserting the defense relied upon.

The original judgment by confession is affirmed.

Affirmed.

LEWE, P. J. and KILEY, J., concur.