Florence Wolf, Plaintiff-Appellant, v. Daniel Gaines, et al., Defendant-Appellee.
South Side Bank & Trust Co., Garnishee-Defendant-Appellee.

Gen. No. 48,470.

First District, Third Division.
December 13, 1961.

Daniel C. Ahern and Kevin J. Gillogly, of Chicago, for appellant.

Samuel S. Cohon and Wexler & Wexler, of Chicago (Samuel S. Cohon, of counsel), for Daniel Gaines, certain defendant-appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Florence Wolf, the plaintiff, entered into a lease with Dora Stokes for the rental of a store. Dora Stokes alone signed as lessee. The lease was a printed form and a clause therein granted a warrant of attorney to confess judgment against the lessee if there was a default in rent. Thereafter another writing was executed by Florence Wolf, Dora Stokes and two others, one of whom was the defendant, Daniel Gaines. This provided that it was to be attached to and made a part of the lease, that all the signers were obligated to carry out the terms of the lease, and it stated that Gaines had specifically promised to get the rent to Florence Wolf on the first day of each month.

Unpaid rent accumulated and the plaintiff confessed judgment on the lease against Gaines and started garnishment proceedings against the South Side Bank & Trust Co. Gaines moved to vacate the judgment and to dismiss the garnishment action on the grounds that he did not sign the lease and that the rider which he did sign did not contain a warrant of attorney for the confession of judgment. His motion was granted.

The only question argued on this appeal is whether Gaines is subject to a judgment by confession. The plaintiff's theory is that the rider was drawn by the parties themselves, that Gaines intended to be bound by the lease and all of its terms at the time he signed the rider, and that it and the lease are to be construed as one instrument. The defendant's theory is that he is only a surety or guarantor of the lease, that the rider distinguishes the lessee from him and the lessee's obligations from his, and that there is nothing in the rider authorizing confession of judgment against him.

In determining the intention of the parties in an execution of a warrant of attorney the same rules are applied which govern written contracts generally. However, the warrant must be signed by all persons against whom the judgment is to be entered, must be clear, must be in unequivocal language, must be strictly construed and strictly followed. If the warrant is appended to the obligation to be confessed, both the obligation and the warrant must be signed by the same person. If no power to confess has been granted none can be assumed. A departure from the authority conferred will render the confession of judgment void. Keen v. Bump, 286 Ill 11, 121 NE 251; Holmes v. Partridge, 375 Ill 521, 31 NE2d 948; Long v. Coffman, 230 Ill App 527; 49 CJS 279.

The pertinent rules were applied in the case of Liberty Nat. Bank v. Vance, 3 Ill App2d 1, 120 NE2d 349.

430

Laura Vance was the assignee, with the consent of the lessor, of the interest and obligations of Ethel Levy, the lessee of a building of which the Liberty Bank was the lessor. The bank confessed judgment against Laura Vance. The court said:

"Power to confess judgment must be clearly given and strictly pursued, and a departure from the authority conferred will render the confessed judgment void. Wells v. Durst Chevrolet Co., 341 Ill 108. The warrant of attorney before us authorizes entry of appearance of the lessee and confession of judgment against her for any rent which may be due to the lessor and its assignees. Under the assignment defendant, as assignee, assumed and agreed only 'to make all the payments and perform all the covenants and conditions of the within lease by said party of the second part (lessee) to be made and performed.' A warrant to confess judgment, as said in Bush v. Hanson, 70 Ill 480, 'is a familiar common law security.' To the same effect are Bonnet-Brown Corp. v. Coble, 195 NC 491; Mellon v. Ritz, 332 Pa 97; Black's Law Dictionary (4th ed) page 1757. By agreeing to make payments required of lessee under the lease, defendant did not become a party to the warrant of attorney or otherwise authorize the entry of her appearance and the judgment against her. The judgment confessed against defendant is a nullity."

Other cases to the same effect are Griffin Oil Co. v. Toms, 170 Pa Super 203, 85 A2d 595, and Girard Trust Co. v. Cosgrove, 270 Pa 570, 113 A 741.

■ The Vance case is decisive of the present one. For the purposes of answering the question here, there is no substantial difference between an assignment in

which the assignee agrees to perform all the conditions of the lease and a rider in which the signer agrees to the same thing. The payment of the rent was guaranteed by Gaines but the power of attorney which authorized the confession of judgment was not executed by him. That power was granted only by Dora Stokes, the lessee. Gaines' acceptance of the lease and his agreement to perform its terms does not extend to the waiver of process for the confession of judgment. That there was an intention to be bound cannot be read into the warrant of attorney which must be most stringently construed against the party in whose favor it was given. Since he did not give anyone the power to enter his appearance and confess judgment against him, the judgment is void.

The judgment of the Municipal Court is affirmed.

Affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.