First National Bank of Elgin, Plaintiff-Appellee, v. Richard W. Husted, Jr., et al., Defendants-Appellants.

Gen. No. 64–110.

Second District.

April 2, 1965.

Richard F. Husted, of Elgin, for appellants.

Kirkland, Brady, McQueen, Martin & Schnell, of Elgin, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an appeal from an order entered by the Circuit Court denying defendants' motion to open a judgment in the sum of $672.18, confessed against them on January 27, 1964, by plaintiff, First National Bank of Elgin.

The judgment was based on a Retail Installment Contract entered into by defendants, as buyers, and Reed Motors Inc., as seller, in connection with the sale of a 1958 Ford. The customary warrant of attorney and confession clause were on the reverse side of the contract, under the heading "Covenants and Conditions," along with the "Dealer's Assignment," where-

by said contract was assigned to plaintiff, without recourse.

Defendants signed the contract on the face thereof, but did not sign on the reverse side. The face of the contract recited: "Buyer and Seller agree that the 'Covenants and Conditions' printed on the reverse side hereof are incorporated herein by reference and constitute a part of this contract."

Defendants urge that the power of attorney to confess judgment was not signed by them; consequently, the confession of judgment was void. However, "It is not necessary that the signature of a party to a contract should appear at the end thereof. If his name is written by him in any part of the contract, or at the top or right or left hand, with intention to sign or for the purpose of authenticating the instrument, it is sufficient to bind him, unless subscription is required by law." 17 CJS Contracts sec 62b, page 736; McConnell v. Brillhart, 17 Ill 354, 360 (1856). "In the absence of any statutory requirement to the contrary, a contract may be signed in any manner which will indicate an intention to be bound thereby. . . ." 17 Am Jur2d (Contracts), par 72, page 410; In re Estate of Deskovic, 21 Ill App2d 209, 211, 157 NE2d 769 (1st Dist 1959). The face of the contract contained the provision above quoted, and we believe that the defendants did execute the power of attorney by signing the contract on its face.

We are cognizant of the general rule that the power to confess judgment must be clearly given, and strictly pursued, and a departure from such authority will render the confessed judgment void. Wells v. Durst Chevrolet Co., 341 Ill 108, 111, 173 NE 92 (1930); Wolf v. Gaines, 33 Ill App2d 428, 431, 179 NE2d 466 (1st Dist 1961). However, in the case at bar, we believe, as did the trial court, that the authority to confess the judgment was clearly given.

The Retail Sales Contract was dated August 29, 1963, and was assigned to plaintiff August 30, 1963. Defendants, by said contract, acknowledged notice of intended assignment of the contract, and agreed to make all payments to assignee, and their answer admitted said assignment. The contract, on its face, provided that payments were to be made at the First National Bank of Elgin.

The motion to open the judgment, and to file answer, and the affidavit in support thereof, alleged that defendants purchased the Ford in question on August 29, 1963, from Reed Motors Inc., upon warranty that it was in good operating condition; that on September 1, 1963, defendants observed that the car did not operate properly, and that it became inoperative, and was damaged by fire; that thereafter, on September 2, 1963, Reed Motors Inc., promised to repair the car upon delivery thereof to it; that said car was delivered to Reed Motors Inc., but was never repaired, and was later sold by Reed Motors Inc., or plaintiff; and that neither Reed Motors Inc., nor plaintiff, its assignee, sold said car until December 2, 1963, which sale was not within a reasonable time after the retaking, and hence there was an election of remedies under section 23 of the Retail Installment Sales Act, (Ill Rev Stats 1963, c 121½, § 247) and thereby defendants have been released from any obligations to Reed Motors Inc., or plaintiff. Defendants' affidavit also charged lack of notice of the assignment and failure of consideration.

■ ■ In their brief defendants state that they were not given a copy of the contract. However, the contract, which complied with the provisions of section 2 of the Retail Installment Sales Act, (Ill Rev Stats 1963, c 121½, par 224), recited in bold type, pursuant to section 4 of said Act, (Ill Rev Stats 1963, c 121½, par 226): "Buyer acknowledges the receipt of a true executed copy of this contract at the time of the ex-

ecution hereof." Section 7 of said Act, (Ill Rev Stats 1963, c 121½, par 229) provides that the buyer's written acknowledgment, conforming to section 4 of said Act, of delivery of a copy of the contract, shall be conclusive proof of such delivery in any action by or against an assignee of the contract, without knowledge to the contrary, when he purchases the contract. Thus, the defendants are bound by their own acknowledgment of delivery of a copy of the contract. Further, such objection was not raised in the trial court, and cannot be raised here for the first time. Saladino v. City of South Beloit, 9 Ill2d 320, 325, 137 NE2d 364 (1956).

Defendants further charge that plaintiff was not a holder in due course of the Retail Installment Contract, and, therefore, the defenses which they have asserted are available against the plaintiff. However, the contract provided: "Buyer agrees to settle all claims against Seller directly with Seller and will not set up any such claims against Seller as defense, counterclaim, set off, cross complaint or otherwise in any action for the purchase price or possession brought by any assignee of this contract."

The Uniform Commercial Code, provides:

"(1) Subject to any statute or decision which establishes a different rule for buyers of consumer goods, and agreement by a buyer that he will not assert against an assignee any claim or defense which he may have against the seller is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the Article on Commercial Paper. (Article 3). A buyer who as part of one transaction signs both a negotiable

instrument and a security agreement makes such an agreement.

"(2) When a seller retains a purchase money security interest in goods the Article on Sales (Article 2) governs the sale and any disclaimer, limitation or modification of the seller's warranties."

(Ill Rev Stats 1963, c 26, § 9–206).

The first sentence of this subsection permits a contractual waiver of certain defenses by the buyer, and it is in accord with prior Illinois case law. Commercial Credit Corp. v. Biagi, 11 Ill App2d 80, 82, 136 NE2d 580 (1st Dist 1956). While this section provides that either the legislature or the courts may establish a different rule, we view this as a legislative function, the exercise of will rather than judgment, and we are reluctant to change the prior decisional law.

■■ The defenses which may be asserted against a holder in due course are:

"(a) infancy, to the extent that it is a defense to a simple contract; and

(b) such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the party a nullity; and

(c) such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms; and

(d) discharge in insolvency proceedings; and

(e) any other discharge of which the holder has notice when he takes the instrument."

(Ill Rev Stats 1963, c 26, Par 3–305(2)).

Thus, a buyer may contractually waive, as against an assignee, any defenses except those enumerated in articles 3–305(2) and 9–206(2). The defenses which defendants, as buyers, seek to assert against plaintiff are: failure of consideration; lack of notice of assignment; breach of express and implied warranties; subsequent promises and failure to repair the car, and an election to retain the car arising by failure to resell it within a reasonable time after the retaking. In absence of allegation in defendants' affidavit that plaintiff did not take the assignment for value, in good faith, and without notice of claim or defense, and in view of the date of the contract and assignment, we believe that plaintiff is an assignee for value, in good faith, and without notice of claim or defense.

The buyers' defenses of failure of consideration, and subsequent promise and failure to repair the car were waived, as against the plaintiff, assignee, under article 9–206 of the Uniform Commercial Code.

Section 9–203 of the Illinois Uniform Commercial Code (Ill Rev Stats 1963, c 26, § 9–203) deviates from the model Uniform Act in that it provides that a transaction, although subject to this article is also subject to the Retail Installment Sales Act, (Ill Rev Stats 1963, c 121½, pars 223–253 incl); and that where the provisions of the Code conflict with those of the Retail Installment Sales Act, the provisions of the latter Act will prevail.

Section 21 of the Retail Installment Sales Act, (Ill Rev Stats 1963, c 121½, par 244), provides: "Any provision in a retail installment contract waiving any of the requirements of this Act shall be unenforceable and void." Section 8 of this Act, (Ill Rev Stats 1963, c 121½, par 231), which provides that unless the buyer has notice of the actual assignment of the retail installment contract, payments made thereunder by the buyer to the last known holder shall be binding upon

all subsequent holders or assignees, was cited by defendants to sustain their defense of lack of notice of the assignment. We believe that section 21 would preclude defendants' waiver of the defense of lack of notice of the assignment; however, such preclusion is immaterial since the purpose of section 8 is to protect a buyer who has made payments to a seller without notice of the assignment. Such payments are not in issue in this case and such defense is irrelevant.

■ The Retail Installment Sales Act contains no provisions relative to warranties. The exclusion and modification of warranties is governed by article 2–316 of the Uniform Commercial Code (Ill Rev Stats 1963, c 26, par 2–316). Its purpose is to protect the buyer from unbargained language of disclaimer by denying effect to such language when inconsistent with the contract language of express warranty, and it permits the exclusion of implied warranties by conspicuous language in the contract. It provides that "all implied warranties, are excluded by expressions like 'as is,' 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." It also provides that there is no implied warranty where "the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods. . . ."

The contract in question, immediately beneath the names of the parties, in language printed in the size type of all of the words of the paragraphs of the contract, provided: "Buyer acknowledges delivery, examination and acceptance of said car in its present condition." The "Covenants and Conditions" of the contract contained the following language, printed in the same size type: "This agreement constitutes the entire contract and no waivers or modification shall be

235

valid unless written upon or attached to this contract, and said car is accepted without any express or implied warranties, agreements, representations, promises or statements unless expressly set forth in this contract at the time of purchase." The contract contained no express warranties pertaining to the car.

 We believe that the words "in its present condition" are similar to the words "as is" or "with all faults," and have the effect of excluding implied warranties. Further, the buyer acknowledged examination of the car and this precludes an implied warranty. Consequently, the defenses of express and implied warranties were not available to the defendants.

As a further defense, defendants also contended that plaintiff, or Reed Motors Inc., elected to retain the goods and thereby released the defendants from further obligations, in that the car, which was allegedly sold on December 2, 1963, was not sold within a reasonable time as required by section 23 of the Retail Installment Sales Act, (Ill Rev Stats 1963, c 121½, par 247).

They asserted that the car was delivered to Reed Motors Inc. for repairs on or about September 2, 1963, and also stated that it was retaken on or about said date, but failed to state by whom it was retaken. Under these conflicting allegations, there is no certainty as to when, whether, or by whom said car was retaken. The affidavit recited that the car was inoperative and damaged by fire prior to the delivery for repair or the retaking, but failed to disclose the nature or extent of the damage by fire, or the repairs required.

Supreme Court Rule 23 (Ill Rev Stats 1963, c 110, par 101.23) provides in part: "A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 15 for summary judgments, and shall be accompanied by a verified

answer which defendant proposes to file. If the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of the plaintiff's demand, the court shall set the motion for hearing."

Supreme Court Rule 15(1) (Ill Rev Stats 1963, c 110, par 101.15(1)) provides: "Affidavits in support of and in opposition to a motion for summary judgment or decree, and affidavits under section 48 of the Civil Practice Act, shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used."

 Defendants' affidavit does not meet the specifications of Rule 15. It does not set forth with particularity the facts upon which their defense, of an election to retain the car arising by failure to sell it within a reasonable time, is based. It violates the provision that the affidavit shall not consist of conclusions, but rather of facts admissible in evidence. It was not sufficient to support this defense.

 Consequently, we hold that the trial court properly denied defendants' motion to open the judgment in question. A motion to open up a judgment by confession is addressed to the sound discretion of the court and the order thereon will be reversed only for an abuse of such discretion. Pirie v. Carroll, 28 Ill App2d 181, 188, 171 NE2d 99 (1st Dist 1960); Vella v. Pour, 329 Ill App 355, 360, 68 NE2d 631 (4th Dist 1946). We find no such abuse of discretion in the case

at bar; therefore judgment of the trial court is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.