James Travis, Plaintiff-Appellant, v. Floyd D. Foreman and Donald Hazel, Defendants-Appellees.

Gen. No. 66–44.

Fifth District.

October 6, 1966.

Kenneth F. Kelly, of Granite City, for appellant.

Ryan, Mondhink & Moorman, of Alton, for appellees.

MORAN, J.

This is an appeal from a judgment order setting aside a judgment by confession on a warrant of attorney and ordering that the defendants "go hence without day and recover their costs." The judgment by confession was entered against Floyd Foreman and Donald Hazel, who

signed the following promissory note and warrant of attorney: [1]

$6,408.00 *November 22, 1963*

*I Eugene Taylor* After date for value received, I promise to pay to the order of *Mr. James Travis,* *$6,408.00*
*And I Donald Hazel, And I Floyd D. Foreman* *agree to go together and pay Mr. James Travis the* *face value of this note* Dollars
 *if Eugene Taylor dosen't* (sic).
with interest at 6% per cent per annum after *date* until paid.

And to secure the payment of said amount *I* hereby authorize irrevocably any attorney of any court of record to appear for *me* in such Court, in term time or vacation, at any time hereafter and confess a judgment without process in favor of the holder of this Note, for such amount as may appear to be unpaid thereon, whether due or not, together with costs, and to waive and release all errors which may intervene in any such proceedings and to consent to immediate execution upon such judgment, hereby ratifying and confirming all that said Attorney may do by virtue hereof.

Post Office Address (Signed) Eugene Taylor
Granite City, Ill. Floyd D. Foreman
Due *Nov. 22, 1964* Donald F. Hazel

After a judgment by confession was entered, the defendants moved to vacate on the ground that "the warrant of attorney (was) insufficient on its face to authorize the confession of judgment" against them. The court granted the motion. Plaintiff-appellant argues that

[1] The italicized words were typewritten onto the printed form.

all three signatories to the note were comakers both of the note and of the warrant of attorney and that, as such, a judgment of confession was authorized against the two defendants. The issue is whether the defendant authorized a confession of judgment against themselves by signing of the note in question.

■ ■ It has long been recognized by Illinois courts that the power to confess a judgment must be clearly given, Wells v. Durst Chevrolet Co., 341 Ill 108, 173 NE 92, and that authority to confess judgment under a warrant of attorney must be strictly construed and must be strictly followed. Holmes v. Partridge, 375 Ill 521, 31 NE2d 948; Keen v. Bump, 286 Ill 11, 121 NE 251; Dulsky v. Lerner, 223 Ill App 228; Liberty Nat. Bank of Chicago v. Vance, 3 Ill App2d 1, 120 NE2d 349. Therefore, unless it can be shown that the position of the defendants' signatures at the bottom of the note clearly indicated their intent to be bound by the terms of the warrant of attorney, the judgment of the lower court vacating the judgment by confession must be affirmed.

The language typewritten onto the note indicates that the defendants intended to be guarantors of the payment of the note. Dickerson v. Dickerson, 39 Ill 574; Abbott v. Brown, 131 Ill 108, 22 NE 813; Beebe v. Kirkpatrick, 321 Ill 612, 152 NE 539. They promised to pay "if Eugene Taylor dosen't (sic)." Their liability arose only when Eugene Taylor failed to pay. On the other hand, Eugene Taylor was liable to the plaintiff as the maker of the note. Thus the liabilities of the parties to the note were different. Eugene Taylor signed and was liable as a maker; the defendants as guarantors. However, the warrant of attorney provides that a judgment may be confessed "at any time" whether the note is due or not. It is inconsistent to say that these provisions apply both to the defendants and to the maker. The defendants would be liable only if the maker failed to pay. Judgment by confession could not be authorized against

them at any time whether the note was due or not. A condition to their liability would be Eugene Taylor's default. The very language of the warrant debilitates an interpretation which would bind the defendants to its terms.

In addition, the words "I" and "me" appear in the warrant. We recognize that under some circumstances the use of singular personal pronouns indicates a warrant which is joint and several. Holmes v. Partridge, 375 Ill 521, 31 NE2d 948; Nash v. Clark, 310 Ill App 437, 34 NE2d 876. However, these cases are not applicable where the sole maker and the two guarantors signed in different capacities. The use of "I" and "me" under such circumstances indicates that the sole maker was the only party to whom reference was made.

█ Finally, the defendants cite authorities for the statement that courts have been extremely reluctant to extend authority to confess judgment as against endorsers, assignees, and guarantors. While no case cited involves facts similar to the present case, the tendency of courts to construe warrants of attorney very strictly is quite evident. In Wolf v. Gaines, 33 Ill App2d 428, 179 NE2d 466, for instance, the defendants signed an instrument reciting that it should be attached to and made a part of a lease and that all the signers were obligated to carry out the terms of the lease, one of which was a warrant of attorney. The court emphasized that the power to confess judgment must be clearly given and strictly pursued and held that the warrant of attorney did not extend to the signers. Accord, Liberty Nat. Bank v. Vance, supra. So too, in this case, cognizant of the different liabilities of the signers and the absence of any other place on the note where the guarantors could sign, we hold that the position of the defendants' signatures at the bottom of the note does not clearly indicate their intent to be bound by the terms of the warrant of attorney.

351

However, the plaintiff is not precluded by this opinion from proceeding to obtain relief against the guarantors in a proper manner. Sharpe v. Second Baptist Church of Maywood, 274 Ill App 374.

For the foregoing reasons the judgment of the lower court is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.