THE OAKLAND NATIONAL BANK, Plaintiff-Appellee, v. EDWIN E. TO-MEI, Defendant-Appellant.—THE OAKLAND NATIONAL BANK, Plaintiff-Appellee, v. DAVID E. SUHRENBROCK, Defendant-Appellant.

Fourth District   Nos. 4—90—0871, 4—90—0872 cons.

Opinion filed June 28, 1991.

Shari D. Goggin-Ward, of Kirtley-Pavia-Marsh, P.C., of Urbana, for appellants.

Jeffrey B. Wampler, of Erwin, Martinkus, Cole & Ansel, Ltd., of Champaign, for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Defendants Edwin E. Tomei and David E. Suhrenbrock appeal from the order of the circuit court of Coles County denying their motion to vacate judgments by confession entered against them on July 12, 1990, in the amounts of $25,000 and $10,000, respectively (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). We reverse.

Plaintiff Oakland National Bank (Bank) obtained judgments by confession against defendants based on guaranties they purportedly signed for loans made by the Bank to Donald Nappe.

Each of the guaranties specifies the dollar limits of the guarantor's liability and refers to separate and numbered notes signed solely by Donald Nappe, as maker. Only the notes contain a warrant of attorney provision, authorizing confession of judgment against the "borrower" and in favor of the Bank.

■■ ■ Judgments by confession are viewed circumspectly; the general rule constraining the power to confess judgment is that such authority must be clearly given and strictly followed, and a judgment entered in violation of this rule is void. (*Wells v. George W. Durst Chevrolet Co.* (1930), 341 Ill. 108, 173 N.E.2d 92; *Grundy County National Bank v. Westfall* (1971), 49 Ill. 2d 498, 275 N.E.2d 374.) The policy underlying this rule of strict construction against the party in whose favor the power operates is based on the severity of the summary proceeding itself. The party granting such authority deprives himself of all defenses and delay of execution and places his cause in the hands of a hostile defender. (Annot., 5 A.L.R.3d 429 (1966).) Therefore, courts are unanimous in holding that judgment may not be confessed against one who did not himself sign the warrant of attorney, whether he is assignee, guarantor, or another party obligating himself for the performance of the primary contract. See, *e.g., Wolf v. Gaines* (1961), 33 Ill. App. 2d 428, 179 N.E.2d 466; *Liberty National Bank v. Vance* (1954), 3 Ill. App. 2d 1, 120 N.E.2d 349; *Sharpe v. Second Baptist Church* (1934), 274 Ill. App. 374; *Doss v. Evans* (1933), 270 Ill. App. 55.

■ The Bank nevertheless argues that even though defendants did not execute the notes, the guaranties they did execute, by referring to the note number and maker, incorporated by reference the entire note and all its terms and conditions, including the provision for confession of judgment and warrant of attorney. The Bank alleges that the power conferring a right to confess judgment may be incorporated by reference, citing a section from a legal encyclopedia (23 Ill. L. & Prac. *Judgments* §54, at 256 & nn.55, 56 (1979).) However, nothing in that section provides for incorporation by reference of a warrant of attorney that has not been executed by the party against whom judgment is to be confessed. That section provides only that the warrant may be attached to, or incorporated in, the primary contract. If the warrant of attorney is appended to the obligation to be confessed, both the warrant and the obligation must

be signed by the same person. *Wolf*, 33 Ill. App. 2d at 430, 179 N.E.2d at 468.

The Bank also cites *First National Bank v. Seass* (1910), 158 Ill. App. 122, and *First National Bank v. Husted* (1965), 57 Ill. App. 2d 227, 205 N.E.2d 780, for its claim that provision for confession of judgment may be incorporated by reference. In *Seass*, the same parties had executed both a promissory note and a warrant of attorney to confess judgment which made no reference to the note. The court construed both documents as one instrument, finding that the warrant of attorney necessarily applied to the note. *Seass*, 158 Ill. App. at 124.

In *Husted*, the party against whom judgment was confessed had signed a retail installment contract on its face, and which contained language that incorporated by reference all the conditions on the reverse. The reverse contained the warrant of attorney to confess judgment. The court upheld the judgment, finding specific language on the face of the contract incorporated by reference the authority to confess judgment contained on the reverse. *Husted*, 57 Ill. App. 2d at 230, 205 N.E.2d at 782.

In *Seass* and *Husted*, the parties against whom judgments were confessed were both the debtors and the signers of documents granting a warrant of attorney to confess judgment against them. The defendants in this case have not executed any of the notes or any other document authorizing an attorney to confess judgment against them; therefore, the notes could not be incorporated by reference into the guaranties they did sign.

Accordingly, the order of the circuit court is reversed and this cause is remanded with instructions to vacate the judgment against defendants.

Reversed and remanded.

SPITZ and McCULLOUGH, JJ., concur.