MAIN STREET DEVELOPMENT, Plaintiff-Appellee, v. GUY DeMICCO, Defendant-Appellant.

First District (5th Division)   No. 1—92—1784

Opinion filed June 4, 1993.

S. Ira Miller, of Chicago, for appellant.

Brian J. Wanca, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This appeal was filed by Guy DeMicco (DeMicco) after the trial court refused to vacate a judgment order entered July 18, 1991. For reasons that follow, we reverse the judgment of the circuit court and remand for further proceedings.

On July 18, 1991, plaintiff Main Street Development (Main Street) filed a two-count verified complaint against "Guy Demicco d/b/a Wilson Builders" (the named defendant) in the circuit court of Cook County. The first count, entitled breach of contract, alleged that plaintiff entered into a lease with the named defendant on January 18, 1989, and that the lease was breached when the named defendant failed to meet the rent obligations in January, February and March of 1991 and then abandoned the premises in April 1991. The second count of the complaint was entitled "Confession of Judgment." This count realleged all of the points in count I. It then alleged that Main Street owned the lease and that the lease was not used in a "Consumer Transaction." Finally, it alleged that the named defendant owed Main Street $4,035.

Main Street filed a copy of the lease along with the complaint. The lease was a standard form entitled "Store Lease." It named

"Main Street Development" as lessor and purported to lease 1919 West North Avenue, 2nd Floor, Chicago, Illinois, to "Wilson Builders, A Division of Nandel Corp., Guy Demicco, president" as lessee, from February 1, 1989, to January 31, 1992. The lease was signed by "David E. Banan, For: Main Street Development" and "Guy De-Micco, pres., For: Wilson Builders, A Division of Nandel Corp."

The lease contained paragraph 17, entitled "Confession of Judgment," which states as follows:

"Lessee hereby irrevocably constitutes and appoints any attorney of any court of record in this state to be his true and lawful attorney for him and in his name and stead, to enter his appearance in any suit or suits that may be brought in any court in this State at any time when any money is due hereunder for rent or otherwise, to waive the issuing of process and service thereof and trial by jury or otherwise, and to confess a judgment or judgments for such money so due and for the costs of suit and for reasonable attorney's fees in favor of Lessor, and to release all errors that may occur or intervene in such proceedings, including the issuance of execution upon any such judgment, and to stipulate that no writ of error or appeal shall be prosecuted from such judgment or judgments, nor any bill in equity filed, nor any proceeding of any kind taken in law or equity to interfere in any way with the operation of such judgment or judgments or of execution issued thereon and to consent that execution may immediately issue thereon."

A confession of judgment was also filed at the same time as the complaint. It was signed by a Gregory Ellis, who purported to be the attorney for "Guy Demicco." The confession waived service of process and confessed that the amount of $4,035 was "due from Defendant to Plaintiff."

On that same date, July 18, 1991, the circuit court entered an order which reads as follows:

"This cause coming to be heard on the Confession of Judgment, the court finding jurisdiction over the parties and the subject matter hereto and having reviewed the pleadings and the subject matter hereof,

It is ordered, adjudged and decreed that Main Street Development take judgment against Guy Demicco d/b/a Wilson Builders in the amount of $4,035.00 plus costs on Count II of the Complaint.

It is further ordered that this matter is set for status on return of summons on August 13, 1991 at 9:00 A.M. without further notice."

On August 13, 1991, Guy DeMicco, *pro se,* entered a special and limited appearance to request a change of venue. The caption on the motion read *"MainStreet Development v. Guy DeMicco,"* not Guy DeMicco, d/b/a Wilson Builders, and in the motion DeMicco stated that he was the defendant in the cause of action brought by Main Street.

On September 17, 1991, the circuit court denied the motion for change of venue and ordered as follows:

"It is further ordered that the judgment order entered on July 18, 1991 is confirmed and that the order of July 18, 1991, is a final and appealable judgment, there is no just reason to delay enforcement."

Following this order, on December 2, 1991, Guy DeMicco, now represented by counsel, filed a motion to "Vacate the Void Confession Judgment." Again the caption on this motion indicated that the defendant was Guy DeMicco, not Guy DeMicco, d/b/a Wilson Builders. In this motion DeMicco argued that the confession of judgment was void because paragraph 17 of the lease operated only against Wilson Builders, a division of Nandel Corporation, and not against him in his individual capacity since he never signed the lease in an individual capacity. Attached to this motion was a certificate showing that the Nandel Corporation became a domestic corporation in the State of Illinois as of November 28, 1988, and that Nandel Corporation was in good standing as of October 24, 1991.

On January 23, 1992, the circuit court heard argument on DeMicco's motion to vacate the judgment. The court denied the motion and ordered that, in the event that an appeal was taken, bond in the amount of $5,000 should be posted. The appeal bond was posted February 11, 1992, and notice of appeal was filed February 13, 1992. The notice of appeal is captioned *Main Street Development v. Guy DeMicco,* but then goes on to state that the appellant is "Guy DeMicco, sued herein as d/b/a Wilson Builders." DeMicco asks this court to reverse the order dated January 23, 1992, and remand the cause for further proceedings. The record on appeal contains no transcripts of the lower court's proceedings.

The only issue raised on appeal is whether the trial court erred by refusing to set aside the confession of judgment. DeMicco frames the issue by stating that "the issue in this case is not whether Mr. DeMicco is personally liable on the lease" but rather

"whether he gave unequivocal authority to the plaintiff to sue him individually and to confess judgment against him individually." DeMicco cites *Travis v. Foreman* (1966), 75 Ill. App. 2d 348, 220 N.E.2d 648, and *Wolf v. Gaines* (1961), 33 Ill. App. 2d 428, 179 N.E.2d 466, two cases that stand for the proposition that any warrant of attorney must be signed by the person against whom judgment is to be entered and that authority to confess judgment must be strictly construed. DeMicco then argues that the trial court erred in entering judgment in this case because the confession named him, individually, as the one confessing judgment and not Wilson Builders, in whose name he had signed the confession of judgment.

Unfortunately, plaintiff's response brief, rather than clarifying the situation, merely muddies the water. In its brief plaintiff contends that the trial court properly held DeMicco individually liable because "at the time the lease was entered into, there was no such entity as Wilson Builders." Plaintiff then asserts that because there is no such entity as Wilson Builders, DeMicco is properly liable in his individual capacity. However, the only support for its assertion that Wilson Builders does not exist is plaintiff's own self-serving response to defendant's motion to vacate the judgment, wherein plaintiff argued before the trial court that the lease was not entered into with "Mandel Corporation [*sic*]" and, that "Wilson Builders is not an Illinois corporation" and "does not exist." Plaintiff provided no independent proof or verification for its assertions in the trial court, nor does it tender any to this court.

We find, however, that plaintiff did enter into a lease with the Nandel Corporation and that the complaint was improperly filed.

■ In its underlying action, plaintiff named as defendant "Guy Demicco d/b/a Wilson Builders." The designation "d/b/a" or "doing business as" generally indicates a sole proprietorship or some other situation where the named person owns or transacts business under an assumed name. (See *Campbell v. Feuquay* (1986), 140 Ill. App. 3d 584, 488 N.E.2d 1111.) We note, too, that under Illinois law a person transacting business under an assumed name is required to file a certificate with the county clerk disclosing the names of the persons owning, conducting or transacting business under an assumed name. (Ill. Rev. Stat. 1989, ch. 96, par. 4.) However, the record before this court contains no evidence which identifies the nature of the entity called "Wilson Builders." There is also no evidence that Guy DeMicco was the owner of Wilson Builders or that

he ever transacted business under the assumed name of Wilson Builders.

■■ Furthermore, regardless of plaintiff's assertion that no such entity as Wilson Builders exists, the record clearly shows that plaintiff entered into a lease with Wilson Builders, a division of Nandel Corporation, which is a corporation that apparently does exist. According to 1 W. Fletcher, Cyclopedia of Private Corporations §43, at 732 (perm. rev. ed. 1990), the term "division of" has no legal significance. Therefore, when an entity is itself unincorporated, and identifies itself as a division of a corporation, acts of the "division" may be attributed to the corporation.

■■ Consequently, in this case, it would appear that the leasing contract should be considered the responsibility of the Nandel Corporation. Thus, plaintiff's cause of action should have named Wilson Builders, a division of the Nandel Corporation, as the defendant, and the confession of judgment should have been in the same name, not in the name of Guy DeMicco. Therefore, we must agree with DeMicco that the confession of judgment is void for failure to name the proper party.

We reiterate here that DeMicco, as appellant, has not provided this court with any reports of the trial court proceedings in this case. Therefore, we are unable to determine whether the trial court resolved, or even considered, the issue of the manner in which Wilson Builders carried on its business. Relying solely upon the pronouncements of the trial court found within the orders it entered, the trial court entered judgment against Guy DeMicco, d/b/a Wilson Builders. However, it is unknown whether the trial court intended to hold DeMicco personally liable.

Also, this court observes that plaintiff did not appear to bring his cause of action against Guy DeMicco in his individual capacity, but rather against Guy DeMicco in his representative capacity. Summons to confirm judgment by confession, as well as citation to discover assets, were served upon Guy DeMicco, d/b/a Wilson Builders, at offices located at 1000 North Milwaukee, Chicago, not on Guy DeMicco, individually, at his residence at 1460 Sandburg Terrace in Chicago.

DeMicco does not address the fact that the trial court entered judgment against "Guy DeMicco d/b/a Wilson Builders" and he has presented no evidence to indicate that he is being held personally liable.

In any event, we find that we must reverse the judgment of the lower court and remand for further proceedings consistent with this

opinion. As stated earlier, the leasing party is clearly Wilson Builders, a division of Nandel Corporation. Therefore, the confession of judgment, strictly construed, should have been in the name of the leasing party.

Reversed and remanded.

GORDON, P.J., and McNULTY, J., concur.